THOMAS EDWARD GRIFFITH, JR., Plaintiff-Appellant, for a Writ of Habeas Corpus on behalf of THOMAS EDWARD KALANIALII GRIFFITH, *v.* NOELLA PUANANI GRIFFITH, Defendant-Appellee

NO. 6150

APRIL 2, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ.,
AND RETIRED JUSTICE KIDWELL,
ASSIGNED BY REASON OF VACANCY*

OPINION OF THE COURT BY KIDWELL, J.

Appellant-father initiated proceedings in the district family court to enforce custody rights under a California court

---

* Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

order with respect to a child removed to this state from California by appellee-mother. Appellant disputes the correctness of a family court ruling that it had jurisdiction to modify the California custody decree under the Uniform Child Custody Jurisdiction Act, HRS chapter 583. We affirm.

The essential facts, though numerous, are not in dispute. The parties were married in California in 1971. The father had lived in California since birth; the mother had moved to California from Hawaii when she was nine years old.

The child was born on February 4, 1972. On July 11 or 12, 1974 the mother came to Hawaii accompanied by her parents and the child, with the purpose of establishing a home for the young couple in Hawaii. On August 8, 1974 the maternal grandparents returned with the child to California. On August 23, 1974 the father rejoined his wife in Hawaii, bringing their son with him.

On February 28, 1975 the maternal grandparents, who had been visiting Hawaii, took the child to California. Subsequently the father returned to California and on March 26, 1975 filed a petition for legal separation, dissolution of the marriage, and custody of the child. The mother then filed a petition for divorce in Hawaii on March 31; it was later discontinued because she had not been a resident for the statutory period.

At a hearing on April 10, 1975 attended by both parties, the California court issued an order pendente lite giving the couple joint custody of the child, with physical custody to the mother so long as she remained in California. Physical custody was to vest in the father if she left the state, with visitation privileges in the maternal grandparents.

On April 15, 1975 the mother returned to Hawaii with the child in violation of the order of the California court. On May 8, the father filed a petition for a writ of habeas corpus in Hawaii. On June 13, the California court found that physical custody had vested in the father per the terms of its April 10 order, and in addition awarded sole custody to him pendente lite.

On July 10, the California court struck the father's petition for dissolution of the marriage since he had not been a

resident for the statutory period. This action, however, did not disturb his petition for separation and child custody, or the June 13 order awarding him sole custody. On July 30, the mother filed for divorce and custody in Hawaii, followed by the father's motion to dismiss the complaint.

The parties appeared before the district family judge on November 14, 1975 for hearing on the father's petition for a writ of habeas corpus and the mother's petition for divorce and custody. A decision and order of the district family court issued on November 25, 1975, from which the father has taken this appeal, dismissed the habeas corpus petition and confirmed the Hawaii court's jurisdiction of the mother's custody petition by denying the motion to dismiss the proceeding.

We are faced at the outset with some difficulty in knowing how to characterize the action of the family court for the purposes of chapter 583. The habeas corpus proceeding and the motion to dismiss the divorce action were disposed of by the family court in the same order. Thus enforcement of the California custody decree was denied prior to any determination by the family court as to the merits of the mother's divorce and custody action and prior to determining where custody of the child should be lodged. The family court did more, however, than merely deny recognition and enforcement of the California decree. It also assumed jurisdiction of and responsibility for resolving the question of custody by a future decree modifying or confirming the disposition of that question by the California court.

In disposing of the habeas corpus proceeding before it had entered a custody decree in the mother's divorce action, the family court appeared to alter the order of events mandated by HRS § 583-13, which reads:

> *Recognition of out-of-state custody decrees.* The courts of this State shall recognize and enforce an initial or modification decree of a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with this chapter or which was made under factual circumstances meeting the jurisdictional standards of the chapter, so long as this decree has

not been modified in accordance with jurisdictional standards substantially similar to those of this chapter.

Since both California and Hawaii had adopted the Uniform Child Custody Jurisdiction Act, as both parties concede, the statutory provisions under which the California court assumed jurisdiction were substantially in accordance with chapter 583 and the California decree was entitled to recognition and enforcement until modified by a decree of the Hawaii court. We do not believe that it was contemplated by the Uniform Act that this provision would require that the California decree be enforced while its modification was under consideration by the Hawaii court. The father has not attempted to rely upon that interpretation in the present appeal. We hold that, if jurisdiction to enter a custody decree in the divorce action was properly taken by the family court, § 583-13 did not require enforcement of the California decree while the question of custody was under consideration by the family court.

Jurisdiction of the family court to enter a custody decree must be found under HRS § 583-3, which is set forth in the margin.[1] Each of the jurisdictional grounds provided in §

---

[1] *Jurisdiction.* (a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This State (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State; or

(2) It is in the best interest of the child that a court of this State assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and (B) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this State and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(4) (A) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this State is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child, that this court assume jurisdiction.

583-3(a), other than the abandonment or emergency grounds provided in § 583-3(a)(3), is possibly relevant under the facts of this case. The family court did not expressly resort to any subsection of § 583-3(a), and did not provide findings of all of the facts upon which jurisdiction to enter a custody decree must rest. However, the record enables us to confirm the factual foundation for acceptance of jurisdiction by the family court.

We look first at the "home state" test laid down in § 583-3(a)(1). The term is defined in § 583-2(5):

"Home state" means the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, and in the case of a child less than six months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.

Although the child was born in California and had spent a longer period in California than in Hawaii, he lived in Hawaii with his parents from at least August 23, 1974 (disregarding his first arrival on July 11 or 12, 1974) until February 28, 1975, a period of six months and five days. He was taken from Hawaii to California on February 28, 1975 by the mother's parents, who had been visiting in Hawaii. He returned to Hawaii with the mother on April 15, 1975. The family court found: "There is no question that the child's 'home state' was Hawaii for the six months preceeding the initiating of an action in California by Mr. Griffith." The date of the initiation of the father's action in California was March 26, 1975. The father's petition for habeas corpus was filed in the family court on May 8, 1975. The mother's action for divorce and custody was filed in the family court on July 30, 1975. The

(b) Except under paragraphs (3) and (4) of subsection (a), physical presence in this State of the child, or of the child and of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.

question under § 583-3(a)(1) is whether Hawaii was the home state of the child at the time of the commencement of these proceedings.

There is no question that the child had lived with his parents in Hawaii for the requisite six months and that Hawaii had become his home state prior to his period of absence which commenced February 28, 1975. The determination by the district family judge that Hawaii was the child's home state as of March 26, 1975, when the father initiated proceedings in California, necessarily implies a finding of the fact that the child's absence from Hawaii during the period from February 28 to that date was temporary. The question was one of fact for the court's determination from equivocal circumstances, and its finding is conclusive for present purposes. Nothing suggests a change in the temporary nature of the child's absence before the return to Hawaii on April 15. We conclude that Hawaii remained the child's home state on both May 8 and July 30, when the proceedings with which we are concerned were filed. The jurisdictional test of § 583-3(a)(1)(A) was therefore satisfied and the family court had jurisdiction to make a child custody determination in these proceedings.

We do not need to look further at § 583-3(a) on the question of the family court's jurisdiction. The provisions of this section are significant, however, to the question whether it was error for the family court to consider the modification of the California court's custody decree. HRS § 583-14(a) provides:

*Modification of custody decree of another state.* (a) If a court of another state has made a custody decree, a court of this State shall not modify that decree unless (1) it appears to the court of this State that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this chapter or has declined to assume jurisdiction to modify the decree and (2) the court of this State has jurisdiction.

The family court was thus constrained in the exercise of the jurisdiction it possessed under § 583-3(a), and could properly modify the custody decree of the California court only if it

appeared to it that the California court did not also have jurisdiction under the California statute which duplicated § 583-3(a). We thus must apply the jurisdictional tests of § 583-3(a)(1) to the California court as of May 8 and July 30, 1975.

What has already been said with respect to the home state test makes it apparent that California was not the home state of the child on either of these dates, and the test of jurisdiction under § 583-3(a)(1)(A) was not met. However, the test of jurisdiction under § 583-3(a)(1)(B) presents more difficulty.

The elements of the test of California's jurisdiction under § 583-3(a)(1)(B) are: (1) California had been the home state of the child at some time during the six month periods which preceded May 8 and July 30, the filing dates of the father's habeas corpus petition and the mother's custody action; (2) the child was absent from California because of his removal by a person claiming his custody or for other reasons; (3) a parent continued to live in California. We need not look at the second and third elements of the test, in this case. The first element is present only if California continued to be the child's home state during the period of residence in Hawaii prior to the date Hawaii became the home state, which date was not earlier than six months after the first arrival in Hawaii on July 11 or 12, 1974. The earliest date on which Hawaii became the child's home state was thus January 12, 1974. If California remained the child's home state until immediately before that date, California was the home state within six months before commencement of the father's habeas corpus proceeding on May 8 and the first element of the test of California's jurisdiction was also present with respect to that proceeding.

Since Hawaii had not become the child's home state and the only previous home state was California, either California remained the home state or the child had no home state immediately before January 12, 1974. Analysis of § 583-2(5) convinces us that the second of these alternatives is the correct one. In order to be a home state as of any date, a state must be that "in which the child immediately preceding the time involved lived." We think it is apparent that present

residency is requisite, and that it was not intended that home state status shall continue after residency terminates, except in cases of temporary absence with which we are not concerned here. This intent is manifested by the inclusion in § 583-3(a)(1) of the second test of jurisdiction stated in clause (B), by which the jurisdiction of a former home state is extended during the six month period while a child is acquiring a new home state by residence there. Until at least January 12, 1975, California continued to possess jurisdiction under § 583-3(a)(1)(B), but was not thereby given the status of a home state. That jurisdiction ceased to exist not later than February 23, 1975 and California possessed no jurisdiction under § 583-3(a)(1)(B) when the proceedings with which we are concerned were later filed.

It is also necessary, in dealing with § 583-14(a), to consider whether the California court had jurisdiction under the provisions of § 583-3(a)(2). Here a judgmental test is involved. The California court would have, under this test, jurisdiction which ousts the Hawaii court of its jurisdiction under § 583-3 (a)(2)(A), only if "it is in the best interest of the child" that a California court assume jurisdiction. That conclusion could not be reached unless the conditions of §§ 583-3(a)(2)(A) and (B) were satisfied, *i.e.*, that *both* the child and one of his parents had a significant connection with California, and that substantial evidence of the child's present or future care, protection, training and personal relationships was present in California. Sec. 583-14(a) required the family court to refrain from modifying the California custody decree unless it appeared to it that the California court did not have jurisdiction under these tests.

We think it is clear that the question thus presented to the family court turned upon the best interest of the child. Even if both the significant connection and substantial evidence conditions had been manifestly satisfied, it still remained incumbent upon the family court to consider whether the best interest of the child would be served by deferring to the jurisdiction of the California court, a determination which is largely entrusted to the discretion of the family court. The family court found expressly that the best interest of the child

would be served by its assumption of jurisdiction, and by necessary implication that it was not in the best interest of the child that a California court exercise jurisdiction under the California statute comparable to § 583-3(a)(2).

The family court made no findings with respect to the significant connection and substantial evidence conditions of § 583-3(a)(2), but found that its assumption of jurisdiction was in the best interest of the child. Since the determination of the best interest of the child is controlling in any event, it was not necessary to examine into the subsidiary questions in making the § 583-14(a) determination. No standards are established by the statute to guide the family court in determining the child's best interest. We have recently confirmed the limitations upon appellate review of the family court's discretionary determinations. *Au-Hoy v. Au-Hoy,* 60 Haw. 354, 590 P.2d 80 (1979). We see no abuse of discretion in this case, in the absence of which we will not review the family court's determination of the child's best interest. This determination disposes of the last question before us with respect to the authority of the family court to modify the California custody decree. We find no error in the order appealed from.

In view of the conclusion we have reached in this case, there is no occasion to consider the question raised with respect to the jurisdiction of the district family court with respect to the habeas corpus petition.

Affirmed.

*John H. Robinson* for plaintiff-appellant.

*Lynne T. Wasson (Allene K. Richardson and Peter A. Lee* on the brief; Legal Aid Society of Hawaii of counsel) for defendant-appellee.