391 So.2d 789 (1980)
Wayne Irving REEVE, Appellant,
v.
Debra Susan REEVE, Appellee.
No. SS-467.
District Court of Appeal of Florida, First District.
December 31, 1980.
*790 Lyman T. Fletcher of Fletcher & Fletcher, Jacksonville, for appellant.
J.D. Culpepper, Jr., Jacksonville, for appellee.
ERVIN, Judge.
This is an interlocutory appeal from an order denying Appellant/husband's motion to dismiss or in the alternative to defer jurisdiction on Appellee/wife's petition for modification of the final judgment of dissolution of marriage. The wife's petition seeks permanent custody of the parties' minor daughter.
The marriage of the parties was dissolved in Florida in September of 1974. At that time, temporary custody of Stephanie Reeve was awarded to the husband, to "continue during the course of required medical attention necessary for present conditions and until further order of this court." The order made provisions for medical coverage for the child, who suffered from a birth defect, once the wife assumed permanent custody of her through a further court order. In September of 1975, the wife petitioned for modification or enforcement of the custody portion of the final judgment. The record discloses no further action taken on that petition.
On April 1, 1977, the wife filed a second petition for modification alleging her understanding that the final surgical procedure would be performed on Stephanie on April 5, 1977, and seeking permanent custody as soon as the surgeon would release her. On April 18, 1977, the husband responded that surgical procedures were not completed. In May, 1977, the husband obtained a continuance on the ground that one further operation was still required.
Two years passed before any further record action was taken in the case. The wife filed a third petition for modification on August 11, 1979. The husband responded with the motion to dismiss for lack of jurisdiction or in the alternative to defer jurisdiction, alleging that he had had continuous custody of Stephanie since September, 1974, when she was twenty-five months old, and that in July, 1975, the child had been moved to New Jersey and had resided there with her paternal grandparents. He further alleged that in July, 1977, he was honorably discharged from the Navy and has since lived with the minor child at the home of the paternal grandparents. The husband initiated proceedings for a custody determination in New Jersey in September, 1979.
In the order denying husband's motion to dismiss, the court directed the Social and Economic Services Division of the Department of Health and Rehabilitative Services to conduct an investigation into the homes of both parties regarding the suitability of each to have permanent custody of the minor daughter. The Social and Economic Services Division was directed to file with the court a report and recommendation as to the custodial arrangement that would be in the best interests of the child. Thus the court elected not to enforce the custody arrangement of the original judgment of dissolution, but instead to determine the custody issue anew.
In October, 1977, the Uniform Child Custody Jurisdiction Act, found in Sections 61.1302-61.1348, Florida Statutes, became effective in Florida. Section 61.1308 defines the jurisdiction to make a child custody determination of courts in this state which are competent to decide child custody matters. Four possible situations are enumerated in which a Florida court will have jurisdiction to make a custody determination by initial or modification decree.[1] Only Section 61.1308(1)(b) applies in this case.
*791 Section 61.1308(1)(b) requires that the child and at least one contestant have a significant connection with this state and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships. "Section 61.1308(1)(b) does not require that a child's only significant connection be with the State of Florida in order for jurisdiction of the Florida court to attach." Hofer v. Agner, 373 So.2d 48 (Fla. 1st DCA 1979). Although the child has resided in New Jersey since July, 1975, the wife has apparently resided in Florida since the dissolution and has not lost contact with the child, having visited with her in October, 1976, December, 1978, and the summer of 1979. Under these circumstances, the child and one contestant, the wife, have a significant connection with this state.[2]
As to the second part of the test, for purposes of determining subject matter jurisdiction under Section 61.1308, it is not the relative wealth of evidence available in either state that is at issue, rather, whether there exists in this state substantial evidence regarding the child's present or future care, protection, training, and personal relationships. While the bulk of evidence regarding the child's present care, protection, training, and personal relationships may now exist in New Jersey, there nevertheless exists in Florida substantial evidence regarding her future care, protection, training, and personal relationships since the wife, who is seeking permanent custody, resides in this state. Thus the Florida court does have subject matter jurisdiction under Section 61.1308(1)(b), Florida Statutes.
Appellant alternatively contends the trial court should have declined to exercise jurisdiction under the forum non conveniens provisions of the Act, Section 61.1316, Florida Statutes. The exercise of jurisdiction under that provision is discretionary and we find no abuse of discretion in this case.
Accordingly, the order of the trial court denying appellant's motion to dismiss or in the alternative to defer jurisdiction is affirmed.
SHAW and WENTWORTH, JJ., concur.
NOTES
[1] 61.1308 Jurisdiction.

(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(d) 1. It appears that no other state would have jurisdiction under prerequisite substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
[2] The reporter for the Uniform Law Committee dealt specifically with the retaining of jurisdiction, under these circumstances, by the state entering the initial decree:

A typical example is the case of the couple who are divorced in state A, their matrimonial home state, and whose children are awarded to the wife, subject to visitation rights of the husband. Wife and children move to state B, with or without permission of the court to remove the children. State A has continuing jurisdiction and the courts in state B may not hear the wife's petition to make her the sole custodian, eliminate visitation rights, or make any other modification of the decree, even though state B has in the meantime become the "home state" under section 3. The jurisdiction of state A continues and is exclusive as long as the husband lives in state A unless he loses contact with the children, for example, by not using his visitation privileges for three years.
Bodenheimer, Uniform Child Custody Jurisdiction Act, 22 Vanderbilt L.Rev. 1207, 1237 (1969) cited in Clark v. Superior Court, 73 Cal. App.3d 298, 307, 140 Cal. Rptr. 709, 714 (1977).