634 P.2d 609 (1981)
Linda Mary ALLEN, Plaintiff-Appellee, Cross-Appellant,
v.
Scott Ethan ALLEN, Defendant-Appellant, Cross-Appellee.
No. 8183.
Intermediate Court of Appeals of Hawaii.
October 15, 1981.
As Amended October 21, 1981.
Reconsideration Denied November 10, 1981.
Certiorari Granted November 30, 1981.
*610 Shackley F. Raffetto, Wailuku (Mukai, Ichiki, Raffetto & MacMillan, Wailuku, of counsel), for defendant-appellant, cross-appellee.
Paul R. Mancini, Kahului (Chester A. Richardson, Kahului, with him on the brief; Case, Kay & Lynch, Kahului, of counsel), for plaintiff-appellee, cross-appellant.
Before HAYASHI, C.J., and PADGETT and BURNS, JJ.
BURNS, Judge.
Plaintiff-Appellee, Cross-Appellant Linda Mary Allen (Wife) appeals the lower court's summary dismissal of her complaint for separate maintenance, for child custody and support, and for attorney's fees and costs.
The issue is whether the lower court erred in deciding that it lacked jurisdiction and in deciding without the benefit of an adversary hearing that it was an inconvenient forum. We hold that it erred and we reverse.
The appeal by Defendant-Appellant, Cross-Appellee Scott Ethan Allen (Husband) of the lower court's stay of its order requiring Wife to return Christian, the minor child of the parties, to New Jersey was dismissed by the Hawaii Supreme Court on May 12, 1981, "as having been taken from an interlocutory order, such order being collateral to [Wife's] appeal and being subject to review not via appeal but rather via motion pursuant to Family Court Rule 62(g) and related provisions and principles of appellate procedure."
On October 8, 1980, Wife filed a "Verified Complaint for Separate Maintenance" in Maui, Hawaii, praying for a decree allowing her to live separately and apart from Husband, awarding attorney's fees and costs, providing for spousal support, for child custody, visitation, support, and education, and requiring that the parties not remove the minor child of the parties from Hawaii without the consent of the court.
On the same day, pursuant to Rule 65(b), Hawaii Family Court Rules (HFCR), she filed an "Ex Parte Motion for Relief Pendente Lite" to enjoin and restrain Husband from annoying or disturbing her peace, from removing Christian from Maui without *611 the court's consent, and "from disrupting, interferring [sic] or attempting to interfere or disrupt" Wife's existing physical custody of Christian; and to award her custody of Christian subject to Husband's rights of reasonable visitation. An order granting her motion was filed on the same day.
On October 29, 1980, Husband filed a "Verified Complaint" in New Jersey, asking that Wife be enjoined from prosecuting the Hawaii action and from commencing any other "marital or custodial proceedings" elsewhere than in the State of New Jersey, that she be required to return Christian to New Jersey, and that Husband be awarded his custody.
On November 21, 1980, the New Jersey court entered an order requiring Wife to forthwith return Christian to New Jersey and enjoined Wife "from proceeding any further in any respect with the prosecution" of the Hawaii action and from instituting and prosecuting any other marital or custodial proceeding against Husband in any state other than New Jersey.[1]
In December 1980 and in January 1981, the judge in the New Jersey case and the judge in the Hawaii case communicated by telephone and exchanged information pertinent to the two cases. The lower court did not record the conversation, either verbatim or in substance.
On February 3, 1981, Husband, "appearing specially,"[2] filed a "Motion to Dismiss and for an Order Requiring Return of Minor Child to New Jersey," in which he asserted the court's "lack of personal and subject matter jurisdiction."[3]
On February 10, 1981, Wife filed in the Hawaii action a "Motion for Social Study and for Continuance," asking that a social study, pursuant to Hawaii Revised Statutes §§ 571-45 and 571-46(4), be conducted in Hawaii and in New Jersey and that all hearings in the Hawaii case be postponed until completion of the study. The lower court orally denied this motion on February 12, 1981.
On February 18, 1981, the Hawaii court held a hearing on Husband's February 3, 1981, motion, at which time the trial court stated:
THE COURT: * * * Okay, I am going to do it this way to save everybody's time. I'm going to make a ruling, and then I am going to have you people put whatever you want on the record, all right? * * *
* * * I am going to grant the motion to dismiss, and I am going to grant the defendant's application for an order requiring return of minor child to New Jersey provided that the cost of returning the minor child and the mother will be borne by the defendant. I am not going to go into the facts of the case except as to the jurisdictional facts, and for that purpose I will take judicial notice of all the court papers filed in New Jersey and of the court papers filed here in the Second Circuit Court.
Now, following this order I will grant a stay of the order, if counsel for the plaintiff so desires, in order that an interlocutory appeal be made.
Thereafter, the following exchange between the trial court and wife's attorney occurred:
MR. MANCINI: * * * I did request that Mrs. Allen, other parties, testify before this court on the question before the *612 court on the motion, and I was told by the court that at a hearing last week that the court was going to deny that. I presume that is still correct, you will not accept any testimony?
THE COURT: Because I am just going by the record in New Jersey and what's occurred over here, and that's sufficient for you on appeal.
On February 24, 1981, the trial court filed its "Findings of Fact and Conclusions of Law, Order and Judgment" granting Husband's February 3, 1981, motion.
The next day it entered an "Order Granting Stay" of its order requiring Wife to return Christian to New Jersey.
This case is governed by the Uniform Child Custody Jurisdiction Act, as contained in the Hawaii Revised Statutes, chapter 583 (1976) (HUCCJA), and the New Jersey Statutes Annotated § 2A:34-28 et seq.

JURISDICTION RE SEPARATE MAINTENANCE
When the court dismissed Wife's complaint for lack of jurisdiction, it had jurisdiction over the subject matter of Wife's action for separate maintenance. Simms v. Simms, 49 Haw. 200, 412 P.2d 638 (1966); Dole v. Gear, 14 Haw. 554 (1903). It lacked the necessary in personam jurisdiction over Husband, but Wife's allotted time for service[4] had not expired so it was error to dismiss the entire case "for lack of jurisdiction."

JURISDICTION RE CHILD CUSTODY
Hawaii has jurisdiction to decide the child's custody if one of the categories listed in HUCCJA § 583-3(a) is satisfied. In this case, the only category possibly satisfied is HUCCJA § 583-3(a)(2), as supplemented by § 583-3(b):
[§ 583-3] Jurisdiction. (a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
* * * * * *
(2) It is in the best interest of the child that a court of this State assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and (B) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
* * * * * *
(b) * * * physical presence in this State of the child, or of the child and of the contestants, is not alone sufficient to confer jurisdiction on a court of this State to make a child custody determination.
* * * * * *
To satisfy the "substantial evidence" requirement, all one has to show is substantial evidence concerning the child's "present or future, care, protection, training, and personal relationships." (Emphasis added.) One does not have to prove what has been; all one has to prove is what is or what is anticipated.
The more difficult requirement is the "significant connection" requirement. The HUCCJA does not define "significant connection" except that it says in HUCCJA § 583-3(b) that it is not mere physical presence and infers in HUCCJA § 583-3(a)(1) that it is something less than physical presence for six consecutive months.[5]
The Special Committee of the Commissioners on Uniform State Laws' Notes to that section of the Act state:
Paragraph (2) of subsection (a) is supplemented by subsection (b) which is designed to discourage unilateral removal of children to other states and to guard generally against too liberal an interpretation of paragraph (2). Short-term presence *613 in the state is not enough even though there may be an intent to stay longer, perhaps an intent to establish a technical "domicile" for divorce or other purposes.
Paragraph (2) perhaps more than any other provision of the Act requires that it be interpreted in the spirit of the legislative purposes expressed in section 1. The paragraph was phrased in general terms in order to be flexible enough to cover many fact situations too diverse to lend themselves to exact description. But its purpose is to limit jurisdiction rather than to proliferate it. The first clause of the paragraph is important: jurisdiction exists only if it is in the child's interest, not merely the interest or convenience of the feuding parties, to determine custody in a particular state. The interest of the child is served when the forum has optimum access to relevant evidence about the child and family. There must be maximum rather than minimum contact with the state. The submission of the parties to a forum, perhaps for purposes of divorce, is not sufficient without additional factors establishing closer ties with the state. Divorce jurisdiction does not necessarily include custody jurisdiction. See Clark, Domestic Relations 578 (1968).
Uniform Child Custody Jurisdiction Act (U.L.A.) § 3 at 124 (1979).[6]
We question whether the existence of subject matter jurisdiction can be so nebulous, "flexible," subjective, and discretionary. Subject matter jurisdiction is the power of the court over the subject matter. 20 Am.Jur.2d, Courts, § 88 (1965). In our view, if a court has the legitimate power to hold that it has jurisdiction, then it has jurisdiction. The fact that it declines to exercise its jurisdiction does not change the fact that it has it. The existence of jurisdiction is not discretionary although its use may be. Thus, the issue in this case is whether the lower court legitimately could have decided, based on the undisputed facts on the record, that it had subject matter jurisdiction.
The relevant facts before the lower court were as follows: Wife was 33 years of age and Husband was 31; Wife "in her youth" attended school in Hawaii for a "short" interval; the parties married on December 21, 1977, and became residents of New Jersey in July 1978. Christian was born in New Jersey on August 6, 1979. Wife visited Maui, Hawaii, for some period of time around July 1980. In August 1980 Wife asked Husband for a separation. Wife left the marital home with Christian on September 15, 1980. Wife and Christian arrived in Maui, Hawaii, on October 2, 1980. Wife attests that the parties had agreed to separate and that she would have custody of Christian subject to Husband's visitation rights; that Husband "understood [Wife] would be taking up residence in" Maui; that Husband orally agreed to pay Wife $900.00 per month unsegregated alimony and child support, but that when the oral agreement was reduced to writing, Husband refused to sign it; that Husband paid for servicing and rustproofing of Wife's car for transit to Hawaii; and that he issued a check to cover the costs of shipping Wife's car to Hawaii, but before she left New Jersey, Husband stopped payment on the check. Husband attests that when Wife asked him for permission to separate and move to Hawaii with Christian, he "adamantly refused."
We are aware that Wife filed her complaint on the sixth day after she and Christian arrived in Hawaii. However, section 583-3(a)(2) of the HUCCJA does not, as it easily could have if that were the intent, require physical presence for a minimum period of time for jurisdiction to attach. We find its failure to do so significant. For example, we think bona fide (as opposed to technical) domicile is a significant *614 connection. Here, the record suggests that when Wife and the child moved to Hawaii, they moved as bona fide domiciliaries.
There is some support in the record[7] for Husband's contention that when Wife left New Jersey with Christian, she violated section 9:2-2, N.J. Stat. Ann. (West), which provides:
9:2-2. Custody of children of divorced or separated parents within jurisdiction of Superior Court; removal from jurisdiction; consent; security
When the Superior Court has jurisdiction over the custody and maintenance of the minor children of parents divorced, separated or living separate, and such children are natives of this State, or have resided five years within its limits, they shall not be removed out of its jurisdiction against their own consent, if of suitable age to signify the same, nor while under that age without the consent of both parents, unless the court, upon cause shown, shall otherwise order. The court, upon application of any person in behalf of such minors, may require such security and issue such writs and processes as shall be deemed proper to effect the purposes of this section.
However, we think that Wife's violation, if any, of New Jersey law when she moved Christian to Hawaii is relevant to the inconvenient forum or the reprehensible conduct[8] questions, not the jurisdiction question.
We think that the lower court would not have reversibly erred had it decided based on the record that it had jurisdiction. It could have legitimately decided that it had jurisdiction. Consequently, we hold that it had jurisdiction and that it erred when it concluded that it did not.

INCONVENIENT FORUM
In view of the "flexible" and therefore expansive jurisdictional standard, we think that the intent and purpose of the HUCCJA, as stated in HUCCJA § 583-1, is more surely served by the trial court's use of its power under HUCCJA § 583-7 to determine whether it is or is not an "inconvenient forum" or under HUCCJA § 583-8 to determine whether jurisdiction should be declined by reason of the petitioner's conduct.
In this case the lower court determined "that Hawaii is an inconvenient and inappropriate forum" and it did so based on facts which it obtained from the affidavits and certified documents in the record.
In a situation where the affidavits and certified documents show as a matter of law that Hawaii is an inconvenient forum, or that jurisdiction should be declined by reason of conduct, the family court may enter its ruling without the benefit of an adversary hearing.
In this case, however, the lower court entered findings of fact and conclusions of law in favor of Husband which resolved all disputes of fact raised by the affidavits and certified documents.
Consider the following findings and conclusions entered by the court:
3. Mrs. Allen's removal of Christian Scott was without the consent of his father.
4. When advised by Mrs. Allen's counsel of her intention to relocate to Hawaii Mr. Allen protested and objected through his counsel, Warren Lewis, Esq.
* * * * * *
9. Mrs. Allen's removal of Christian Scott without his father's consent or leave of Court was in violation of New Jersey statutory and decisional law.
* * * * * *
16. Neither Mr. nor Mrs. Allen nor Christian Scott has any business or business *615 connection with Hawaii and Mrs. Allen has no means of support apart from payments from her family or Mr. Allen, all New Jersey residents.
* * * * * *
20. Neither Mr. nor Mrs. Allen nor Christian Scott has any significant connection with the State of Hawaii, nor does their [sic] exist in Hawaii any substantial evidence concerning the child's past, present or future care, protection, training and personal relationships as required by Hawaii Revised Statute[s] § 583-3(a)(2).
21. The only connection the litigants have with the State of Hawaii is the physical presence of Mrs. Allen and Christian Scott which is insufficient for the exercise of jurisdiction for a custody determination under the provisions of Hawaii Revised Statutes § 583-3(b).
22. It is in the best interests of the child, Christian Scott, that custody be determined in New Jersey.
The lower court used the above quoted "facts" as the basis for its determination "that Hawaii is an inconvenient and inappropriate forum."
We know of no law or rule which authorizes the family court to decide questions of disputed and dispositive fact without the benefit of an adversary hearing. Consequently, we hold that the trial court abused its discretion in making its "inconvenient forum" determination without an adversary hearing.

INTER-COURT COMMUNICATION
Wife also contends that the lower court judge erred in engaging in telephone conversation with the New Jersey judge without notice to her, without disclosure of the information transmitted, and without an opportunity for her to be heard.
We think the HUCCJA authorizes and encourages such communication. See The Uniform Child Custody Jurisdiction Act, 22 Vand.L.Rev. 1207 at 1231 (1969). However, we hold that at least the substance of the conversation should be placed in the record and made available to the contestants for their information.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] We think the New Jersey Court, in taking action during the pendency of the Hawaii proceedings and before the issue of Hawaii's jurisdiction was resolved, violated N.J. Stat. Ann. § 2A:34-34 (Sec. 6, Uniform Child Custody Jurisdiction Act) (West).
[2] See Rule 12(d), Hawaii Family court Rules.
[3] Husband's motion to dismiss for lack of jurisdiction was made pursuant to Rule 12(b), Hawaii Family Court Rules (HFCR). It was supported by affidavits. Wife responded with affidavits. If the Hawaii Rules of Civil Procedure (HRCP) applied, the motion would have to have been treated as a Rule 56, HRCP, motion for summary judgment. However, the Hawaii Family Court Rules have no counterpart to Rule 56, HRCP, nor anything like it. Obviously the void in the Hawaii Family Court Rules caused confusion concerning the proper procedure to be followed in this case.
[4] See Rule 28 of the Rules of the Circuit Court.
[5] Under HUCCJA §§ 583-3(a)(1) and 583-2(5), mere physical presence of parent and child for at least six consecutive months causes jurisdiction to attach.
[6] The Hawaii Supreme Court in Griffith v. Griffith, 60 Haw. 567, 592 P.2d 826 (1979), appears to say that it is not necessary to find "significant connection" and "substantial evidence" if it is determined that the assumption of jurisdiction is in the best interest of the child because "the determination of the best interest of the child is controlling in any event... ." Id. at 575, 592 P.2d 826.
[7] Husband's refusal to sign the written agreement and his stopping payment of his check could be interpreted as indications of his nonconsent to Wife's move. On the other hand, they could be interpreted as his unwillingness to put his oral agreement in writing and to pay for her move.
[8] See HUCCJA § 583-8.