No. 83-491

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

IN RE THE MARRIAGE OF

MICHAEL T. CONNOLLY,

        Petitioner and Respondent,

   -vs-

JUDY RAE CONNOLLY,

        Respondent and Appellant.

_____

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John L. Hollow, Helena, Montana

    For Respondent:

        Jeffrey M. Sherlock; Hull & Sherlock, Helena,
Montana

_____

Submitted on Briefs:  January 19, 1984

Decided:  April 19, 1984

Filed:  APR 19 1984

_Ethel M. Harrison_
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Judy Rae Connolly appeals from an order of the District Court, First Judicial District, Lewis and Clark County, modifying the parties' dissolution decree and awarding Michael T. Connolly custody of the parties' four minor children.

On November 5, 1980, the District Court issued a decree of dissolution dissolving the marriage of Judy Rae Connolly and Michael T. Connolly. The decree of dissolution incorporated a property settlement agreement which contained provisions relating to the support and custody of the parties' four minor children. The parties agreed to a joint custody arrangement, with Judy Connolly retaining custody of the two younger children and Michael Connolly retaining custody of the two older children. It was also agreed that the noncustodial parent have reasonable visitation rights as to the children not in his or her custody. After entry of the decree, Judy Connolly returned to Gillette, Wyoming, with the two younger children and Michael Connolly remained in Helena, Montana, with the two older children.

On January 5, 1983, Michael Connolly filed a petition in the District Court requesting modification of the custody arrangements. Based on certain circumstances which he alleged seriously endangered the two younger children's physical, mental, moral or emotional health, Michael Connolly requested that he be awarded sole custody of the two younger children. The District Court then ordered the Lewis and Clark County Welfare Department to conduct an investigation into the custodial suitability of the parties. The District Court also requested that the Sixth District Court of the

- 2 -

State of Wyoming conduct a hearing in Gillette, Wyoming, to gather evidence as to the propriety of the petition for modification of custody. The transcript of the hearing was forwarded to Montana and subseqently adopted as part of the record in this case.

The District Court heard final argument in this matter on three separate days in July and August of 1983. An opinion and order was issued on September 15, 1983, wherein the court ordered the decree of dissolution modified with respect to the custody arrangements and awarded Michael Connolly sole custody of the parties' four minor children. Judy Connolly filed a notice of appeal on September 22, 1983, from the order and opinion awarding Michael Connolly custody of the children. On December 2, 1983, she filed a notice of appeal from a March 10, 1983 order and opinion denying a motion to dismiss the cause for lack of jurisdiction.

The following issues are before this Court on appeal:

1. Whether the District Court had jurisdiction to modify the original custody award.

2. Whether there is substantial evidence to support the District Court's conclusion that a modification of custody would be in the best interest of the two younger children.

3. Whether the testimony of a Helena social worker was properly admitted into evidence.

The Uniform Child Custody Jurisdiction Act was adopted by the Montana legislature in 1977. Under the Act, and section 40-4-211, MCA, certain requirements must be met before a court has jurisdiction to make a determination in child custody matters. These requirements are set forth as follows:

"(1) A court of this state competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(a) this state:

"(i) is the home state of the child at the time of commencement of the proceedings; or

"(ii) had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reason and a parent or person acting as parent continues to live in this state; or

"(b) it is in the best interest of the child that a court of this state assume jurisdiction because:

"(i) the child and his parents or the child and at least one contestant have a significant connection with this state; and

"(ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

"(c) the child is physically present in this state and:

"(i) has been abandoned; or

"(ii) it is necessary in an emergency to protect him because he has been subjected to or threatened with mistreatment or abuse or is neglected or dependent; or

"(d)(i) no other state has jurisdiction under perequisites substantially in accordance with subsections (1)(a), (1)(b), or (1)(c) of this section or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine custody of the child; and

"(ii) it is in his best interest that the court assume jurisdiction."

Each requirement sets forth an alternative basis for a court to assert jurisdiction. In the Commissioners' Note to section 40-7-104, MCA, it is stated that:

"Paragraphs (1) and (2) of subsection (a) [40-4-211(1)(a)(i) and (ii)] establish the two major bases for jurisdiction. In the first place, a court in the child's home state has jurisdiction,

- 4 -

and secondly, if there is no home state or the child and his family have equal or stronger ties with another state, a court in that state has jurisdiction . . .

"Paragraph (3) of subsection (a) [40-4-211(1)(c)] retains and affirms parens patriae jurisdiction, usually exercised by a juvenile court, which a state must assume when a child is in a situation requiring immediate protection . . . This extraordinary jurisdiction is reserved for extraordinary circumstances . . .

"Paragraph (4) of subsection (a) [40-4-211(1)(d)] provides a final basis for jurisdiction which is subsidiary in nature. It is to be resorted to only if no other state could, or would, assume jurisdiction under the other criteria of this section."

The District Court in this case relied on section 40-4-211(1)(b), MCA, as its basis for jurisdiction. Under section 40-4-211(1)(b), the court is required to find first, that the child and his parents or the child and at least one contestant have a significant connection with this state, and second, that there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

The District Court found that because Michael Connolly lives and works in Helena he has a "significant connection" with this forum. The District Court further found that the presence of Michael Connolly and the two older children in Helena provides a significant connection with this forum for the two younger children.

In reaching its conclusion that the above-cited facts are sufficient to establish the necessary "significant connections," the District Court relied on the case of Reeve v. Reeve (Fl. 1980), 391 So.2d 789.

In Reeve, a mother sought modification of a dissolution decree awarding custody of the minor daughter to the father. The father and the child were then living in New Jersey and

- 5 -

the mother was living in Florida. The court applied the jurisdictional requirements of the Uniform Child Custody Jurisdiction Act and found that:

"Section 61.1308(1)(b) does not require that a child's only significant connection be with the State of Florida in order for jurisdiction of the Florida court to attach. [Citation omitted.] Although the child has resided in New Jersey since July, 1975, the wife has apparently resided in Florida since the dissolution and has not lost contact with the child, having visited with her in October, 1976, December, 1978, and the summer of 1979. Under these circumstances, the child and one contestant, the wife, have a significant connection with this state." 391 So.2d at 791.

The District Court further relied on Reeve to find that substantial evidence existed in Montana as to the children's care, protection, training, and personal relationships. The court in Reeve held that:

"As to the second part of the test, for purposes of determining subject matter jurisdiction under Section 61.1308, it is not the relative wealth of evidence available in either state that is at issue, rather, whether there exists in this state substantial evidence regarding the child's present or future care, protection, training, and personal relationships. While the bulk of evidence regarding the child's present care, [etc.,] may now exist in New Jersey, there nevertheless exists in Florida substantial evidence regarding her future care, [etc.,] since the wife, who is seeking permanent custody resides in this state." 391 So.2d at 791.

The District Court found the situation in Reeve analogous to the case at hand and determined that because Michael Connolly has established a home in Montana, substantial evidence as to the children's future care, protection, training, and personal relationships is available in this state.

Judy Connolly, however, contends that the result reached by the District Court cannot be reconciled with the decision in Strouf v. Strouf (1978), 176 Mont. 406, 578 P.2d 746. In

- 6 -

Strouf, the Court held that the District Court lacked jurisdiction to modify the custody agreement previously agreed to by the parties. The Court found that the requirements of subsections (1)(a), (c), and (d) were not applicable, and that jurisdiction could not be based on (1)(b) because under subsection (2) the physical presence in this state of the child or the child and one of the contestants is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination. Such is not the case here. The ties that bind the two younger children to Wyoming are no stronger than the ties which bind them to Montana. Although Judy Connolly and the two younger children live in Wyoming, the natural father of the children and their two older siblings live in Montana. There is also substantial evidence available in Montana to resolve the issues arising as to the children's future care, protection, training, and personal relationships. In making a custody determination, the court must examine both the children's present environment and their _future_ environment. Therefore substantial evidence of either the children's present _or_ future care, protection, training, and personal relationships may be the basis for asserting jurisdiction under subsection (1)(b)(ii). Allen v. Allen (Hawaii 1981), 634 P.2d 609, 612; Reeve v. Reeve (Fl. 1980), 391 So.2d 789, 791; Nelson v. District Court (Colo. 1974), 527 P.2d 811, 814. Bodenheimer, _The Uniform Child Custody Jurisdiction Act_, 22 Vand.L.Rev. 1207, 1227 (1969).

Having thus determined that the District Court had jurisdiction to consider the petition for modification, we must now look to whether there is substantial evidence to support the court's findings and conclusions that a change in

custody is in the best interest of the two younger children. The District Court based it authority to award custody of the two younger children to Michael Connolly on section 40-4-219(1)(c), MCA. Section 40-4-219(1)(c) provides that:

"(1) The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree . . . that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:

"(c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him . . ."

What is, or what is not in the best interest of the child depends upon the facts and circumstances of each case. The responsibility of the District Court is to sift through these contradictory facts and make an equitable custody decision. Because the court has the opportunity to observe the demeanor of the witnesses on the stand, it stands in a better position to draw the fine lines inherent in custody matters. Therefore, its decision will not be disturbed absent a clear showing that the court abused its discretion in making the custody decision. Brooks v. Brooks (1976), 171 Mont. 132, 134, 556 P.2d 901, 902; In re the Adoption of Biery (1974), 164 Mont. 353, 356-57, 522 P.2d 1377.

The District Court found that Judy Connolly left the two younger children, ages 6 and 5, alone and unattended on numerous occasions when she "couldn't find a babysitter." During the time that the two older children were visiting, she left all four children alone, with the oldest child, age 10, in charge of the others. The court found that Judy Connolly does not show any remorse for leaving the children unattended and does not feel that to do so is dangerous to

the children. This is contrary to the testimony of a number of expert and lay witnesses, who testified that the practice of leaving young children of their age alone is highly dangerous.

The District Court also found that Judy Connolly has an intimate, sexual relationship with a married man who spends the night with her up to five times a week. When he is not with Judy, he stays with his wife and children at their residence in Gillette. There was also indication in the testimony that this man uses obscene and abusive language in the presence of the children.

One of the expert witnesses at trial further testified that it would be in the best interest of the children if they were allowed to grow up together.

From these findings, the District Court concluded that the children's present environment seriously endangers their physical, mental, moral, and emotional health and that the harm likely to be caused by a change of environment is outweighed by its advantages to them. We agree. Michael Connolly has remarried and can provide a safe and stable home environment for the children. It appears that Judy Connolly cannot.

Judy Connolly contends, however, that the District Court's conclusion that a change in custody is in the best interest of the children must be reversed because the District Court admitted into evidence prejudicial material and testimony. Judy Connolly objects to the admission of the report and testimony of a Helena social worker, who, after commenting on both the Montana environment and the Wyoming environment, recommended that sole custody of the children be awarded to Michael Connolly.

Although the social worker's observations as to the Wyoming environment were largely based on information received from Michael Connolly and may therefore not have been based on information of a type reasonably relied on by those in his field as required under Rule 703, M.R.Evid., there is no evidence that the District Court relied upon the social worker's observations and comments on the Wyoming environment in making his decision as to custody. The findings of the court as to the Wyoming environment are supported by other evidence in the record and could easily have been based on such evidence. The objection is also inapplicable to the social worker's observations as to the Montana environment as these observations are based on reliable and reasonable information. It is well-settled in Montana that, in a civil case, such as the one here, which is tried before the court without a jury, there is a presumption that the trial court has disregarded all inadmissible evidence in reaching its decision. In the Matter of Moyer (1977), 173 Mont. 208, 211, 567 P.2d 47; O'Sullivan v. Simpson (1949), 123 Mont. 314, 212 P.2d 435. This presumption has not been overcome.

The decision of the District Court awarding sole custody of the parties' four minor children to Michael Connolly is affirmed.

_John C. Sheehy_
Justice

- 10 -

We Concur:

_John Conway Harrison_

_Daniel J. Shea_

_____

_____
Justices