No. 84-308

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE MARRIAGE OF
ANN S. YOUNGS,

Petitioner and Respondent,

and

STEVE J. YOUNGS,

Respondent and Appellant.

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Joseph C. Engel, III, Butte, Montana

For Respondent:

Burgess, Joyce & Whelan; John W. Whelan, Butte, Montana

Submitted on Briefs:  Jan. 18, 1985

Decided:  April 2, 1985

Filed:  APR 2 1985

Ethel M. Harrison
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

The husband appeals an order of custody and division of marital property made by the Silver Bow County District Court.

The parties were married in 1981 and upon petition of the wife divorced in 1984. Ann Youngs requested custody of the two minor children, aged thirty months and eighteen months at the time of trial. The husband, Steve Youngs, cross-petitioned for custody of the children and for all the property acquired during the marriage.

The District Court, after a hearing held March 9, 1984, dissolved the marriage, awarded custody of the children to the mother, ordered Steve Youngs to pay Ann Youngs $250 per month for support and maintenance, divided the property among the parties and awarded the petitioner fees and costs. The award of fees was made by the trial court to compensate Ann Youngs for defending what was found to be a frivolous cross-petition and in the words of the court: "apparently filed out of pique and spite."

Appellant raises the following issues:

1. Did the District Court err by not awarding custody of the children to the husband on the grounds of the wife's alleged sexual misconduct?

2. Did the District Court improperly divide the marital property?

3. Was the award of fees and costs to the wife error?

The three issues raised by appellant may be addressed summarily. The husband alleged through circumstantial observations that his wife shared a common room with her children and a male friend with whom she was temporarily living. Ann

2

Youngs denied any intimate relations with this individual. The living situation constitutes the alleged sexual misconduct of appellant's first issue. Appellant relies on Connolly v. Connolly (Mont. 1984), 680 P.2d 568, 41 St.Rep. 720, for the proposition that this conduct is grounds for a court to order a change of custody. Counsel's reliance on this case is misplaced.

In Connolly the fact that a married man had an intimate sexual relationship with Mrs. Connolly was one of several grounds that led this Court to affirm the lower court's decision to change custody. Another concern reflected in the District Court's findings was that Mrs. Connolly was shown to have left her five and six year old children unattended on numerous occasions. Furthermore, in Connolly, as in the present case, findings of fact are not set aside unless shown to be clearly erroneous. Rule 52(b), M.R.Civ.P. The trial court found here that Ann Youngs was a fit and proper parent. Since there was substantial evidence presented to the District Court on this issue, we affirm the award of custody to Ann Youngs.

The husband alleges that the division of marital property was inequitable and contrary to law. We disagree. The order of the District Court recites that the parties' mobile home was given to the wife as a form of contribution to assist her and the children in the burden of adjusting to a new and different role. Similarly, the vehicle awarded the wife was marital property, subject to distribution, and absent a showing that the lower court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason, we will not alter the lower court's judgment. Stratford v. Stratford (Mont. 1981), 631 P.2d 296, 38

3

St.Rep. 1093.    The record discloses no such abuse of discretion.

The only abuse of discretion we find concerns the judgment of appellant's attorney in filing the cross-petition. For this reason, we affirm the trial court's award of fees and cost.    The lower court is statutorily vested with power to award fees and costs.    Section 40-4-110, MCA.

The judgment is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

4