417 So.2d 1047 (1982)
William Ray BEDINGFIELD, Appellant,
v.
Sandra Louise BEDINGFIELD, Appellee.
No. 81-1842.
District Court of Appeal of Florida, Fourth District.
July 21, 1982.
Rehearing Denied September 3, 1982.
*1048 Stephen L. Thompson of Foster & Mackey, Palm Beach, for appellant.
No briefs filed for appellee.[1]
PER CURIAM.
This case involves the denial of motions to dismiss or stay divorce and child custody proceedings. We conclude that the trial court erred by refusing to stay the proceedings pending the resolution of a parallel action in Georgia.
William and Sandra Bedingfield were married and lived their entire married lives in Georgia. They had two children. Difficulties developed and the wife filed for divorce in Georgia. A Georgia trial court conducted a hearing on the issue of temporary child custody and made an oral ruling giving the husband liberal visitation rights. Before the court could enter its written order, however, the wife filed a voluntary dismissal and fled the state, taking the children with her.
The husband filed a motion with the Georgia court to set aside the wife's dismissal and confirm his visitation rights. The court granted this motion and entered an order which embodied its earlier ruling. The wife appealed the entry of this order, but her appeal was dismissed. The husband filed a second divorce action while the wife's initial action was pending. This was dismissed but upon appeal the Georgia Supreme Court held that the husband should be granted leave to file a counterpetition for divorce, child custody, support, and alimony in the original action.
Sometime later, the husband located his wife and children in Florida. He filed a pleading in the Circuit Court for the Fifteenth Judicial Circuit which was styled, "Petition for Enforcement of Foreign Orders, Return of Children to Home State and Other Relief." The wife responded by filing an answer and counterpetition for divorce, child custody, child support, alimony, and attorney's fees. The husband, citing the Uniform Child Custody Jurisdiction Act, Section 61.1302, et seq., Florida Statutes (1981) (hereinafter the Act), moved to dismiss or stay the wife's counterpetition. The trial court denied the motions and this appeal ensued.
Before considering the merits, we address our jurisdiction to review the denial of the husband's motions. For this purpose we differentiate between the trial court's refusal to dismiss or stay the child custody determination and its refusal to dismiss or stay the dissolution proceedings. Implicit in the trial court's orders relating to child custody[2] is a finding that Florida is the appropriate forum for a custody determination. Although we do not appear to have jurisdiction to review that finding pursuant to Rule 9.130(a)(3)(A), Fla.R.App.P., which authorizes review of trial court's orders which "concern venue," we have elected to treat the notice of appeal as a petition for writ of certiorari.
Rule 9.130(a)(3)(A) apparently applies only to venue within the State of Florida. *1049 We recognize that although venue and jurisdiction share a close relationship, they are distinct concepts. "Venue in the technical meaning of the term means the place where a case is to be tried whereas jurisdiction does not refer to the place of the trial but to the power of the court to hear and determine the case." 20 Am.Jur.2d Courts, § 89 (1965). In order to promote a host of policies which are enumerated in Section 61.1304, Florida Statutes (1981), the Uniform Child Custody Jurisdiction Act requires, in some instances, a court to decline to exercise its jurisdiction in deference to the courts of a sister state. This requirement is in the nature of venue. Because this situation is one closely analogous to venue, we believe the same considerations which justify interlocutory review of venue disputes justify invocation of our certiorari jurisdiction.
Section 61.1314(1), Florida Statutes (1981), reads as follows:
(1) A court of this state shall not exercise its jurisdiction under this act if, at the time the petition is filed, a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this act, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.
The above section is part of the Uniform Child Custody Act which constitutes a compact between sovereign states. In an effort to curb the reprehensible parental practice of childnapping and to avoid the confusion engendered by conflicting custody decisions, the states adhering to this compact have agreed to stay the determination of child custody when there is a prior court's claim on the right to make that custody decision. Under the Uniform Act, when a court in one state is asked to make a child custody decision but receives notice of a pending child custody proceeding in another state, the statute requires the second court to stay its hand until the first court's deliberations are complete.
Given the requirements of the statute, we hold that the trial court should have granted the husband's motion to stay the child custody proceedings. Admittedly, the wife satisfied the jurisdictional threshold for filing a child custody action because she alleged that the children had resided in Florida for more than six months preceding the filing of the counterpetition.[3] The husband, however, by alleging the pendency of the Georgia custody proceeding, required the Florida court to determine whether the Act mandated that it decline to exercise its jurisdiction. As noted above, Section 61.1314(1) requires that a Florida court decline to exercise its jurisdiction over a child custody case when the court is informed of a similar pending action previously filed in a sister state. Thus, once the Florida court satisfied itself as to the truthfulness of the allegations about a pending Georgia proceeding, it was obligated to stay the Florida custody proceedings. Its failure to do so constitutes reversible error. See Hanson v. Hanson, 379 So.2d 967 (Fla. 1st DCA 1979), cert. denied, 388 So.2d 1114 (Fla. 1980); Trujillo v. Trujillo, 378 So.2d 812 (Fla. 3d DCA 1980); see also Wheeler v. Wheeler, 383 So.2d 655 (Fla. 2d DCA 1980).
Next, we consider the denial of the husband's motion to stay the counterpetition for divorce, alimony, child support, and attorney's fees. We believe this ruling was also erroneous because it violated the principle of priority. Again, we point out that our ruling on this point apparently does not fall within the ambit of Rule 9.130(a), Fla. R.App.P. Rather, we reach it also through our certiorari jurisdiction, concluding that the order constitutes a departure from the essential requirements of law and that appellant lacks an adequate remedy at law. Gulf Cities Gas Corp. v. Cihak, 201 So.2d 250 (Fla. 2d DCA 1967).
*1050 In general, where courts within one sovereignty have concurrent jurisdiction, the court which first exercises its jurisdiction acquires exclusive jurisdiction to proceed with that case. This is called the "principle of priority." 20 Am.Jur.2d Courts § 128 (1965). Admittedly, this principle is not applicable between sovereign jurisdictions as a matter of duty. As a matter of comity, however, a court of one state may, in its discretion, stay a proceeding pending before it on the grounds that a case involving the same subject matter and parties is pending in the court of another state.
The application of this doctrine to cases pending in different sovereign states was discussed in Simmons v. Superior Court, 96 Cal. App.2d 119, 214 P.2d 844 (Dist.Ct.App. 1950). That case involved a divorce between Texas residents where the wife held property in her own name in Texas and California. The wife filed for divorce in Texas; the husband did the same in California. The wife then moved the California court to stay the exercise of its jurisdiction until completion of the Texas action. When the California trial court denied the motion, the wife appealed and a California appellate court reversed. While acknowledging that the trial court's decision to stay was discretionary, the appellate court ruled that failure to grant a stay constituted an abuse of that discretion. The court relied on the principle of priority and noted that when it was applied between concurrent jurisdictions, it was based on "wisdom and justice, to prevent vexation, oppression and harassment, to prevent unnecessary litigation, [and] to prevent a multiplicity of [law] suits...." 214 P.2d at 849. The court then stated the following:
We think there is no distinction in reason or difference in principle between a case where a later action between the same parties involving the same subject matter is commenced in the same state and a case where a later action between the same parties involving the same subject matter is commenced in another state.
Id.
Florida has followed this principle in instances of concurrent federal and state jurisdiction, Wade v. Glower, 94 Fla. 817, 114 So. 548 (1927), and in instances of concurrent jurisdiction between states, where the action was pending between the same parties. A.J. Armstrong Co. v. Romanach, 165 So.2d 817 (Fla. 3d DCA 1965), reversed on other grounds, 172 So.2d 444 (Fla. 1965); see also Annot., 19 A.L.R.2d 301 (1951); 19-21 A.L.R.2d Later Case Service 301-326 (1982). We believe that justice requires the principle of priority to apply and govern the result on the motion to stay. Here, it seems clear that the pending Georgia divorce action, which of necessity will determine the children's custody, is the proper forum for the resolution of the entire case. To fail to stay the wife's Florida divorce action will only cause unnecessary and duplicitous lawsuits. It would be oppressive to both parties. The appellee wife, who initially submitted herself to the jurisdiction of the Georgia courts, cannot now be heard to complain of any undue burden in being forced to return to Georgia.
Accordingly, we grant certiorari and quash the trial court's orders with directions to grant the husband's motion to stay the wife's counterpetition relating to child custody, divorce, support, alimony, and attorney's fees until a final judgment is rendered in the Georgia action.
ANSTEAD and GLICKSTEIN, JJ., concur.
HURLEY, J., concurs in part and dissents in part.
HURLEY, Judge, concurring in part and dissenting in part.
I concur in all of the court's opinion save for one procedural aspect. I respectfully disagree with the conclusion that the husband is not entitled to review as a matter of right on the child custody issue. Implicit in the trial court's order relating to child custody is a finding that Florida is the appropriate *1051 forum for a custody determination. Consequently, I would hold that this court has jurisdiction to review the nonfinal order pursuant to Rule 9.130(a)(3)(A), Fla.R. App.P., because it concerns venue.
The majority applies a limiting gloss to the rule and holds that it "applies only to venue within the state of Florida." Ante, at 1048. I find nothing in the rule to suggest this result. More important, I believe that such a restrictive interpretation violates a fundamental principle of rule construction. Court rules should be construed liberally to effectuate the ends of justice and promote access to the courts. See Director of Revenue v. United States, 392 F.2d 307 (10th Cir.1968); Potts v. Wainwright, 413 So.2d 156 (Fla. 4th DCA 1982) (Hurley, J., concurring). Thus, I submit that the rule should be applied as written, without limitation. Moreover, since the Legislature has seen fit to adopt the Uniform Custody Jurisdiction Act, Section 61.1302, et seq., Florida Statutes (1981), which places venue for certain actions outside the state, this court should not impede the underlying policy of the Act by crafting arbitrary distinctions which preclude interlocutory review of inter-state venue determinations.
Venue is commonly defined as the place where a case is to be tried. To be sure, most venue determinations involve site selections within a state. But, in those rare instances where an inter-state compact operates to require the trial of some matters in one state rather than another, even though both states may have subject matter jurisdiction, then, I respectfully suggest that "venue" may cross state lines. I am aware that the doctrine of forum non conveniens may not be used to justify the transfer of a suit to a forum in another state. See Houston v. Caldwell, 359 So.2d 858 (Fla. 1978). Nonetheless, by its express provisions, the Uniform Child Custody Jurisdiction Act is an exception to the rule. The language of Section 61.1314(1), Florida Statutes (1981), acknowledges that a Florida court may have subject matter jurisdiction but requires the Florida court to restrain the exercise of its jurisdiction when the court of another state has a pending custody action concerning the same parties. Under the Uniform Child Custody Jurisdiction Act, a court's decision on whether to stay the resolution of a child custody proceeding is essentially a venue determination.[4] Consequently, I would hold that pursuant to Rule 9.130(a)(3)(A), Fla.R.App.P., we have jurisdiction to review the non-final order denying the husband's motion to dismiss or stay the wife's counterpetition for child custody.
NOTES
[1] Appellee, through counsel, filed a motion to dismiss, but did not favor us with further assistance.
[2] The orders in question do not actually determine child custody and, therefore, Rule 9.130 (a)(3)(C)(iii), Fla.R.App.P., will not support non-final review.
[3] Section 61.1308, Florida Statutes (1981), sets forth the grounds for jurisdiction in child custody cases. One ground is that Florida is the child's "home state," that is, the child has resided in Florida for the previous six months. See §§ 61.1308(1)(a)1 and 61.1306(5), Fla. Stat. (1981).
[4] There is precedent for a broad construction of Florida Rule of Appellate Procedure 9.130(a)(3)(A)'s language that a non-final order need only "concern venue" to be appealable. Rule 9.130's predecessor, Rule 4.2, was interpreted to permit an appeal from an order denying a motion to dismiss based on `forum non conveniens' grounds. Rule 4.2 permitted interlocutory appeals from orders "relating to venue." The doctrine of forum non conveniens was held to sufficiently relate to venue so as to be appealable. Southern Ry. v. McCubbins, 196 So.2d 512 (Fla. 3d DCA 1967). See also Doctor's Hospital of Hollywood, Inc. v. Madison, 411 So.2d 190 (Fla. 1982) (courts may properly consider `practical result' of an order to determine whether the order in question merits a non-final appeal).