447 So.2d 1034 (1984)
Mindy O'CONNOR, N/K/a Mindy Yokom, Appellant,
v.
Thomas O'CONNOR, Appellee.
No. 83-1953.
District Court of Appeal of Florida, Fourth District.
April 4, 1984.
*1035 Douglas J. Glaid of Glaid & DiMauro, P.A., Fort Lauderdale, and Michael L. Gates of Kaplan, Jaffe & Gates, P.A., Hollywood, for appellant.
No appearance for appellee.
ANSTEAD, Chief Judge.
This is an appeal of a non-final order denying the mother's motion to dismiss the father's petition for modification of child custody. We treat the matter as a petition for writ of certiorari but deny the petition. Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982).
The parties were divorced in Florida in 1981 and evidently had a marital domicile here. The wife obtained custody of the children and moved with them to Tennessee soon after the divorce. The husband continued to live in Florida. The children lived with him from December, 1981, until June, 1982, and visited with him in March, 1983, and June, 1983. When the husband refused to return the children in June, 1983, he was served with a motion for contempt in the Florida courts. The husband retaliated with a petition for modification. The children were allowed to reside with the husband until August 4, 1983. They then returned to Tennessee with their mother pending the outcome of the modification hearing. The wife moved to dismiss the petition for modification on the grounds that the trial court should not exercise jurisdiction under section 61.1308, Florida Statutes (1981).
The wife claims that this court has jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii), concerning non-final orders which determine the right to child custody. No custody claim, however, was decided. Thus, the court does not have jurisdiction under this rule. Bedingfield v. Bedingfield, 417 So.2d 1047, 1048 n. 2 (Fla. 4th DCA 1982). We have also declined to review such orders as ones determining venue under Florida Rule of Appellate Procedure 9.130(a)(3)(A). Id. In Bedingfield, we treated an identical appeal as a petition for writ of certiorari. The Fifth District apparently considers such appeals to be petitions for writs of prohibition. King v. Roda, 405 So.2d 1069 (Fla. 5th DCA 1981). We believe certiorari to be the appropriate remedy.
The trial court may only assert subject matter jurisdiction pursuant to the following statute:
61.1308 Jurisdiction. 

*1036 (1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(d)1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
(2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
Fla. Stat. (1981). The evidence before the trial judge indicated that the children's present home state was Tennessee, not Florida. Thus, section 61.1308(1)(a) is not an appropriate basis for jurisdiction. The court also heard no testimony from which it could conclude that the children were under a present physical threat. In fact, testimony indicated that no threat existed. Thus, the court cannot base jurisdiction upon section 61.1308(1)(c). The wife also introduced evidence that Tennessee followed the Uniform Child Custody Jurisdiction Act. No evidence suggested that Tennessee had declined jurisdiction. Thus, section 61.1308(1)(d) is not available. Accordingly, jurisdiction must be based upon section 61.1308(1)(b). This section requires the trial judge to find that the children and at least one parent have a significant connection with Florida and that substantial evidence relevant to custody exist in Florida.
In Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980), the parties had lived and were divorced in Florida. Temporary custody was awarded to the husband, who had moved with the child to New Jersey. Five years later, the wife petitioned in Florida for a permanent custody determination. The appellate court upheld the trial court's assertion of jurisdiction under section 61.1308(1)(b) because the child had visited the mother in Florida, establishing a significant connection with the state, and because the presence of the wife in Florida constituted substantial evidence relative to custody, notwithstanding that more information might exist in New Jersey. Reeve relied on the following comment by Professor Bodenheimer, the reporter for the committee which prepared the Uniform Child Custody Jurisdiction Act:

*1037 A typical example is the case of the couple who are divorced in state A, their matrimonial home state, and whose children are awarded to the wife, subject to visitation rights of the husband. Wife and children move to state B, with or without permission of the court to remove the children. State A has continuing jurisdiction and the courts in state B may not hear the wife's petition to make her the sole custodian, eliminate visitation rights, or make any other modification of the decree, even though state B has in the meantime become the "home state" under section 3. The jurisdiction of state A continues and is exclusive as long as the husband lives in state A unless he loses contact with the children, for example, by not using his visitation privileges for three years. (Bodenheimer, Uniform Child Custody Jurisdiction Act (1969) 22 Vanderbilt L.Rev. 1207, 1237.)
Id. at 791 n. 2, quoting from Clark v. Superior Court, 73 Cal. App.3d 298, 140 Cal. Rptr. 709, 713 (1977). Reeve was apparently cited with approval by the Florida Supreme Court in Mondy v. Mondy, 428 So.2d 235, 238 (Fla. 1983). See also, Id. at 239-41 (Adkins, J., dissenting). Hofer v. Agner, 373 So.2d 48 (Fla. 1st DCA 1979), affirmed a trial court's assertion of jurisdiction in a similar situation. The Hofer court noted that the children, although having lived in New Jersey for approximately two years, had visited their father in Florida during this time and had other relatives in Florida.
We believe the cases relied upon by the appellant are distinguishable. In Matteson v. Matteson, 379 So.2d 677 (Fla. 2d DCA 1980), the children and the wife had left Florida and never returned to visit the husband. Thus, the court reversed the trial court's assertion of jurisdiction. Brown v. Tan, 395 So.2d 1249 (Fla. 3d DCA 1981), denied jurisdiction in a similar situation, noting that the children had not visited the Florida parent. In Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980), no evidence appeared that the children had visited the Florida parent. Therefore, the Florida courts could not assert jurisdiction.
In our view the denial of the wife's motion to dismiss was proper. Accordingly, we treat the wife's notice of appeal as a petition for writ of certiorari and deny same.
HERSEY and DELL, JJ., concur.