WALDEN, Judge.
This is an appeal from a non-final order concerning child custody. It provided in material part:
ADJUDGED
1. This Court has jurisdiction pursuant to § 61.1308(l)(b) of the Florida Statutes as amended.
2. It is in the best interests of the minor children that this Court assume jurisdiction because the children and at least one parent have a significant connection with this state, and there is available in this state substantial evidence concerning the minor children’s present or future care, protection, training, and personal relationships.
3. Pending further hearing in this cause, Petitioner SAMUEL R. CELAYA is awarded the temporary care, custody and control of ERIKA J. CELAYA, STACY K. CELAYA, and SAMUEL R. CE-LAYA, JR. subject to reasonable contact rights of Respondent VIRGINIA ANN PUDLAS f/k/a VIRGINIA ANN CELA-YA, said visitation to be arranged by counsel and/or the parties.
4. Petitioner’s motion for Social Investigation is granted pursuant to the Order entered by this Court on September 28, 1984.
5. Petitioner’s motion for a Temporary Injunction is granted. Both parties are enjoined from removing the minor children from the State of Florida and jurisdiction of this Court pending further hearing in this cause.
By way of critical facts:
1. The husband, wife and children all lived in Arizona until May 1981, at which time the husband left his family and moved to Florida.
2. The marriage was dissolved by an Arizona judgment in 1982, and the wife was awarded full custody of the children.
*239 3. The children came to Florida for visitation with their father in May 1983, and have been here since.
4. There exists in both Arizona and Florida substantial evidence regarding the children’s present or future care, protection, training and personal relationships.
5. Arizona and Florida adopted the Uniform Child Custody Jurisdiction Act.
6. It appears that Arizona still has jurisdiction and has not declined to assume jurisdiction to modify its decree.
Under the foregoing circumstances we believe that Florida should forego jurisdiction in favor of the courts of the State of Arizona because of the provisions of section 61.133, Florida Statutes (1983):
(1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless:
(a) It appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree; and
(b) The court of this state has jurisdiction.
(2) If a court of this state is authorized under subsection (1) and s. 61.1318 to modify a custody decree of another state, it shall give due consideration to the transcript of the record and other documents of all previous proceedings submitted to it in accordance with s. 61.1346.
We reverse upon authority of O’Connor v. O’Connor, 447 So.2d 1034 (Fla. 4th DCA 1984); Herrero v. Matas, 447 So.2d 335 (Fla. 3d DCA), pet. for rev. dismissed, 453 So.2d 44 (Fla.1984); Nussbaumer v. Nussbaumer, 442 So.2d 1094 (Fla. 5th DCA 1983); and Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980).
Reversed.
HERSEY and HURLEY, JJ., concur.