SCHEB, Acting Chief Judge.
Appellant, Richard F. Heyward (father), challenges the trial court’s order that it had jurisdiction over him and the parties’ minor female child for the purpose of determining the primary residence of the child and the father’s visitation rights. We reverse.
The parties were married in 1967 and their child was born in 1981. In 1983 the father filed for divorce in New York, where the parties and their child resided. On September 3, 1986, the New York court entered a judgment of divorce which granted the mother permanent custody of the minor child and gave the father specific visitation rights. On December 2 the mother, without notice to the father, took the minor child to Florida.
On December 18 the father filed a petition for modification of the provisions of the judgment of divorce in New York requesting that sole custody of the minor child be awarded to him. The mother was furnished notice of these proceedings *1028 through her attorney in New York. This motion was heard on January 8, 1987, and on January 27 the New York court entered an order modifying the judgment of divorce by granting the father temporary custody of the minor child. The court ordered the mother to return to New York and appear for a hearing. It directed that pursuant to the Uniform Child Custody Jurisdiction Act the order could be enforced by the appropriate judicial authority. Thereafter, the father came to Florida in an attempt to reclaim the child pursuant to the New York court order.
On January 9, 1987, the mother filed a complaint in the circuit court in Pinellas County, Florida. She sought to establish the New York judgment as a Florida judgment and to obtain a modification thereof. On that same date the court issued a temporary order enjoining the father from unsupervised visitation with the child.
On February 26 the parties and their counsel appeared before the circuit court in Pinellas County to discuss the custody of the child. The trial judge perceived the serious jurisdictional problems in the case and informed the parties that if they could not work something out concerning the child, they would have to go back to New York. In the informal discussion that followed, the mother stated that she had family in Florida and that she planned to purchase a home there with the proceeds from the sale of the parties’ New York homes. The judge noted that the child seemed to have easily adjusted to school in Florida and that she enjoyed being there with her mother. The father explained that he could take care of the child and that his new job in New York would allow him to spend more time with her. The father’s counsel pointed out that the child also had family in New York and that the child had been just as happy attending school in New York. The judge noted that the little girl enjoyed being with her father.
On February 27 the father filed motions in the Florida proceeding seeking to dissolve the temporary injunction, to direct the mother to return the minor child to the father, to dismiss the mother’s complaint, and to impose sanctions against her. The father also filed an affidavit in the Florida court in compliance with the Uniform Child Custody Jurisdiction Act. His affidavit stated that there was pending litigation in New York, that the child had been bom in New York, and that the child had resided there until the mother without the father’s knowledge had taken their child to Florida.
On that same day the Florida trial court entered an order of temporary joint custody, assuming jurisdiction “temporarily, for the purpose of determining whether this state has jurisdiction pursuant to § 61.133, F.S.A. and the Law of Florida.” Following this order and during a visitation period with the child in Florida, the father removed the child to New York. On March 30 the father filed a motion requesting that the Florida court find that the appropriate jurisdiction for determining custody be in New York.
On April 13 the Florida court entered an order finding that it had jurisdiction over the father and the child to determine custody of the child and visitation. At the same time, the trial court denied the motion filed by the father on March 30.
The next event occurred in the New York court on April 15. The court entered an order to show cause directing the mother to appear before the court in New York on May 11 and specifically enjoining her from proceeding in Florida on the issues of custody, child support, and visitation of the child pending return date on the order.
The father filed this timely appeal from the circuit court’s order of April 13, 1987. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).
We are called upon to determine questions concerning the application of the Uniform Child Custody Jurisdiction Act to this cause. The purposes of this act are to avoid jurisdictional competition and conflicts, promote cooperation of the courts, assure that litigation concerning child custody ordinarily take place in the state in which the child has the closest connection, discourage controversies and abductions, avoid relitigation of child custody decisions *1029 and facilitate the enforcement of child custody decrees. § 61.1304, Fla.Stat. (1985).
The father argues that pursuant to section 61.1308, Florida Statutes, jurisdiction in this case was vested in the New York court and the Florida circuit court wrongfully exercised jurisdiction.
As noted, the Florida court assumed jurisdiction pursuant to section 61.133, Florida Statutes (1985), which provides:
(1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless:
(a) It appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree; and
(b) The court of this state has jurisdiction.
(2) If a court of this state is authorized under subsection (1) and s. 61.1318 to modify a custody decree of another state, it shall give due consideration to the transcript of the record and other documents of all previous proceedings submitted to it in accordance with s. 61.1346.
We think the trial court should have refrained from exercising its jurisdiction under the circumstances of this case in view of section 61.133(1). First, New York and Florida have adopted the Uniform Child Custody Jurisdiction Act. N.Y. Domestic Relations Law, §§ 75-a to 75-z (McKinney 1985); §§ 61.1302-61.1348, Fla. Stat. (1985). Second, while the child has developed contacts with Florida, we think her closest ties are to New York because the litigation commenced in New York and because there was evidence regarding the child’s present and future care, protection, training, and personal relationships in New York. Third, New York has jurisdiction and has not declined to assume jurisdiction to modify its decree of divorce. Hamill v. Bower, 487 So.2d 345 (Fla. 1st DCA 1986); Pudlas v. Celaya, 469 So.2d 238 (Fla. 4th DCA 1985); Wheeler v. Wheeler, 383 So.2d 655 (Fla. 2d DCA 1980).
The father also argues that he is entitled to attorney’s fees and travel expenses pursuant to section 61.1318(3), Florida Statutes (1985), because the mother improperly brought this case before the Florida court and made deliberate misstatements of fact as to the birthplace of the minor child in sworn pleadings before the court. Section 61.1318 provides in relevant part:
(1) If' the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may decline to exercise jurisdiction if this is just and proper under the circumstances.
[[Image here]]
(3)In appropriate cases, a court dismissing a petition under this section may charge the petitioner with necessary travel and other expenses, including attorneys’ fees, incurred by other parties or their witnesses.
We find no merit to the husband’s arguments on this point. The mother did not wrongfully take the child to Florida because she clearly had custody of the child at the time, and there was nothing in the New York divorce decree which prohibited her from taking the child to another state. Further, while the mother’s actions were done surreptitiously, they do not give rise to “similar reprehensible conduct” as stated in the statute.
Accordingly, we vacate the trial court’s order of April 13 and direct the trial court to dismiss the wife’s complaint and defer jurisdiction to the New York court. We deny the father’s petition for attorney’s fees and travel expenses and the father’s petition for attorney’s fees on appeal.
CAMPBELL and FRANK, JJ., concur.