WARNER, Judge.
We grant the petition for writ of certio-rari and quash the order granting a stay of proceedings and continuing a lis pendens against Florida property.
The State of Michigan filed a complaint for forfeiture of a parcel of Florida property, relying upon section 932.701(2)(f), Florida Statutes (1989), and recorded a lis pen-dens on the property. The petitioner herein filed a motion to dismiss on the ground that the statutory forfeiture covers only illegal actions committed in the State of Florida and can only be brought by a Florida seizing agency. While the trial court agreed with petitioner’s argument that the State of Michigan had no authority to proceed under the cause of action alleged, it noted in its order that Michigan had authority and was proceeding with a complaint for forfeiture against this Florida property in Michigan pursuant to Michigan law. Thus, the trial court granted a stay of proceedings and continued the effect of the lis pendens on the theory that the court could stay a cause of action pending trial of the same issues in another state, citing New Plan Realty Trust v. Towers Apartments, Inc., 350 So.2d 99 (Fla. 1st DCA 1977), and Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982). The court did not actually rule on the motion to dismiss, although the finding that Michigan lacked authority to proceed under the statutory forfeiture would compel a dismissal.
The trial court departed from the essential requirements of law in staying these proceedings and continuing lis pendens where it found at the same time no viable cause of action was stated. It seems rather fundamental that before an action can be stayed that a cause of action must exist. If it doesn’t, then a court is without authority to grant any relief. Since the trial court found in its order that Michigan could not seek a forfeiture under Florida law, what the stay and continuance of the lis pendens actually does is grant full faith and credit to Michigan proceedings prior to a final judgment being issued in the Michigan case.
New Plan Realty Trust and Bedingfield, cited as authority by the trial court, are not applicable. Those cases stand for the proposition that where two courts of different jurisdictions have concurrent jurisdiction over a matter the court may stay proceedings in one forum in order to prevent a multiplicity of suits. However, in this case there is no concurrent jurisdiction, because Michigan has not established its right of action in the Florida court.
Michigan’s reliance on Bullen v. Her Majesty’s Government of the United Kingdom, 553 So.2d 1344 (Fla. 4th DCA 1989), is also misplaced. That case involved the enforceability of a final judgment in the Florida courts. Here, however, there is no final judgment. In fact the trial of the forfeiture action in Michigan has not even been held. Under its pleadings, Michigan has no cause of action in Florida at this time. Thus, the trial court departed from the essential requirements of law in staying proceedings and continuing a lis pendens based on a nonexistent cause of action. See Tortu v. Tortu, 430 So.2d 531 (Fla. 4th DCA 1983). We therefore quash the order of the trial court' and remand for further proceedings.
GUNTHER and STONE, JJ., concur.