PER CURIAM.
This is a consolidated, expedited appeal from the trial court’s orders denying the former wife’s motion to dismiss and granting the former husband’s motion to enforce visitation rights. The trial court was correct in determining that Florida had continuing jurisdiction over this custody/visitation matter. Yurgel v. Yurgel, 572 So.2d 1327 (Fla.1990).
While the Florida dissolution decree made provision for the former wife’s removal of the child to Pennsylvania, it also provided for continuing contact between the minor child and the former husband, who resided in Florida. The child visited the former husband in Florida. See O’Con-nor v. O’Connor, 447 So.2d 1034 (Fla. 4th DCA 1984). All litigation between the parties took place in Florida, and the Florida court properly determined that it did not lose jurisdiction to enforce the visitation schedule.
The instant case fits squarely within the comment by Professor Bodenheimer, the reporter for the committee which prepared the Uniform Child Custody Jurisdiction Act, regarding the retention of jurisdiction by the state entering the initial decree:
A typical example is the case of the couple who are divorced in state A, their matrimonial home state, and whose children are awarded to the wife, subject to visitation rights of the husband. Wife and children move to state B, with or without permission of the court to remove the children. State A has continuing jurisdiction and the courts in state B may not hear the wife’s petition to make her the sole custodian, eliminate visitation rights, or make any other modification of the decree, even though state B has in the meantime become the “home state” under section 3. The jurisdiction of state A continues and is exclusive as long as the husband lives in state A unless he loses contact with the children, for example, by not using his visitation privileges for three years. (Bodenheimer, Uniform Child Custody Jurisdiction Act (1969) 22 Vanderbilt L.Rev. 1207, 1237.)
Reeve v. Reeve, 391 So.2d 789, 791 n. 2 (Fla. 1st DCA 1980).
Therefore we affirm the trial court’s order enforcing the visitation schedule.
AFFIRMED.
DELL, GUNTHER and POLEN, JJ., concur.