[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Following a hearing on March 23, 1998, the court renders its decision on Motion #105 to Stay Action and Proceedings dated March 4, 1998 and filed by the defendant on March 6, 1998. CT Page 6258
FACTS
The plaintiff in this action, Joan Farino, and defendant, George Farino, were married in Hartford, Connecticut on April 11, 1992. There are no children issue of the marriage and none are contemplated. The parties resided in West Haven, Connecticut in a residence solely owned by Mr. Farino. Mrs. Farino owns a home in Hamden where one of her children from a prior marriage is living.
In 1995 the parties purchased a condominium in Florida where they would spend six months out of the year. According to the testimony of Mrs. Farino, the couple planned on living in Florida for six months and in Connecticut for six months upon Mrs. Farino's retirement from her Connecticut job which occurred in 1996. The parties went to Florida in October of 1996 and stayed in Florida until May 5, 1997 when they returned to Connecticut. In October of 1997 the parties returned to Florida intending to stay for six months. About one week after their arrival in Florida the plaintiff was informed via telephone that her son was in the hospital terminally ill. Mrs. Farino immediately returned to Connecticut to be with her son. Mrs. Farino has lived in Connecticut since the age or three. Her friends and family, with the exception of her husband, reside in the state of Connecticut.
Mrs. Farino testified that she changed all pertinent licensure, registration and voter registration to reflect residency in Florida for tax purposes but never planned on residing in Florida full time. Mr. Farino's affidavit conflicts with Mrs. Farino's testimony in that he states that they made Florida their permanent residence.
The testimony presented by Mrs. Farino indicates that she filed the present dissolution action in response to Mr. Farino's statement that he intended to file for divorce because Mrs. Farino could not be a wife to him in Florida.
Mr. Farino filed for divorce in the Circuit Court of the 15th Judicial Circuit for Palm Beach County, Florida on January 15, 1998. Mrs. Farino was served with the summons and other papers concerning the Florida action on February 7, 1998. Mrs. Farino filed a special appearance in the Florida action to contest jurisdiction. Her motion to dismiss was denied.
Prior to the plaintiff's receipt of the Florida action, the CT Page 6259 plaintiff commenced the present action by service of a writ, summons and complaint and order of notice which were sent via certified mail to the defendant at the Florida home. The return card signed by Mr. Farino bears a delivery date of February 2, 1998. Presently before the court is the defendant's motion to stay the present action. The plaintiff filed an objection to the motion on March 20, 1998. The court heard oral argument and the testimony of Mrs. Farino on March 23, 1997. Both parties filed memoranda of law in support of their respective positions as well as supplemental briefs post oral argument.
DISCUSSION
"A complaint for dissolution of a marriage may be filed at any time after either party has established residence in this state, and a decree may be entered if one of the parties to the marriage has been a resident of this state for at least the twelve months . . next preceding the day of the decree." Cuginiv. Cugini, 13 Conn. App. 632, 635, 538 A.2d 1060 (1988). "For the purposes of filing a complaint for dissolution of marriage or for the granting of alimony or support pendente lite, residence of one party, without a showing of domicile, is sufficient to give the court subject matter jurisdiction under § 46-35 (now § 46b-44)." LaBow v. LaBow, 171 Conn. 433, 439 (1976).
"The court may exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony or support of children, only if: (1) The nonresident party has received actual notice under subsection (a) of this section; and (2) the party requesting alimony [or support of children] meets the residency requirement of section 46b-44." General Statutes § 46b-46 (b) as amended by Public Acts. Special Sess., June. 1997. No. 97-1. § 52. "The plain meaning of § 46b-46 (b) allows the trial court to exercise personal jurisdiction over the nonresident party as to all matters concerning temporary or permanent alimony if the specific notice, residency and domicile provisions are satisfied." (Internal quotation marks omitted.) Cashman v. Cashman, 41 Conn. App. 382,386, 676 A.2d 427 (1996). Contrary to the defendant's argument, the domicile requirement of General Statutes § 46b-46 (b) was eliminated by Public Act 95-310. Thus, the only requirements under § 46b-46 (b) are notice and residency.
In this case, there is no dispute as to the defendant's receipt of actual; notice. The question , remains, however, as to CT Page 6260 whether one of the parties, in this case, Mrs. Farino meets the residency requirement of General Statutes § 46b-44 which provides in relevant part: "A decree dissolving a marriage or granting a legal separation may be entered if: (1) One of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing , of the complaint or next preceding the date of the decree; or (2) one of the parties was domiciled in this state at the time of the marriage and returned to this state with the intention of permanently remaining before the filing of the complaint; or (3) the cause for the dissolution of the marriage arose after either party moved into this state." General Statutes § 46b-44 (c). Mrs. Farino does not meet the residency requirement at the present time but the question of whether the plaintiff will meet the requirement of General Statutes § 46b-44 (c)(1), that a party reside in this state for at least twelve months prior to the decree, cannot be considered now and must await the time of trial. See Sauter v. Sauter, 4 Conn. App. 581, 495 A.2d 116
(1985).
"The rule that the pendency of a prior action between the same parties and to the same ends is grounds for dismissal has efficacy only where the actions are pending in the same jurisdiction. The pendency of an action in one state is not a ground for abatement of a later action in another state. Schaeferv. O.K. Tool Co., Inc., 110 Conn. 528, 535, 148 A. 330 (1930); 1 Stephenson, Conn. Civ. Proc. 104(a). This is so even though the court in which the first action is pending has acquired complete jurisdiction and even though the parties are reversed in the subsequent action. 1 C.J.S., Abatement and Revival § 65(a); see Miller v. Miller, 213 Neb. 219, 221-22, 328 N.W.2d 210
(1982)." Sauter v. Sauter, supra, 4 Conn. App. 584.
"It makes little sense, however, for two actions for the same relief to be litigated in parallel, with the plaintiff in each seeking to rush to judgment. Nielsen v. Nielsen,3 Conn. App. 679, 684, 491 A.2d 1112 (1985). In the interests of judicial economy, a court may, in the exercise of its discretion, order that the second action be stayed during the pendency of the first action, even though the actions are pending in different jurisdictions. 24 Am.Jur.2d, Divorce and Separation § 181. [W]here an action is pending in one state, the court of another state in which another action, involving the same parties and subject matter, is brought, may grant a stay of proceedings in the latter action, unless plaintiff will consent to stay or CT Page 6261 dismiss the second action in the other state; but such a stay is not a matter of right and is not required, but rests within the discretion of the court in the exercise of which it must see that injustice is not done: and a stay should not be ordered if the opportunity to obtain satisfaction in the foreign suit is not as good as the domestic suit, or that it appears that the foreign suit was instituted merely to forestall the domestic suit. 1 C.J.S., Actions § 133, p. 1410." (Internal quotation marks omitted.) Sauter v. Sauter, supra, 4 Conn. App. 584-85.
The above discussion leads to the conclusion that granting or denying the motion to stay is a discretionary matter and the court may "order that the second action be stayed during the pendency of the first action, even though the actions are pending in different jurisdictions." Id. This leads to the question of which action was "commenced" first.
"An action for dissolution of a marriage' obviously is a civil action.' Smith v. Smith, 150 Conn. 15, 19, 183 A.2d 848
(1962)." Charles v. Charles, 243 Conn. 255, 257, 701 A.2d 650
(1997). The Supreme Court "has long held that an action is brought once the writ, summons and complaint have been served upon a defendant. See General Statutes § 52-45a; Practice Book § 49; Hillman v. Greenwich, 217 Conn. 520, 527,587 A.2d 99 (1991) ("an action is commenced on the date of service of the writ upon the defendant" [internal quotation marks omitted]);Lacasse v. Burns, 214 Conn. 464, 475, 572 A.2d 357 (1990) ("an action is not `commenced' until process is actually served upon the defendant"); McGaffin v. Roberts, 193 Conn. 393, 401-402 n. 9,419 A.2d 176 (1984), cert. denied, 470 U.S. 1050, 105 S.Ct. 1747,84 L.Ed.2d 813 (1985); Valley Cable Vision, Inc. v. PublicUtilities Commission, 175 Conn. 30, 33-34, 392 A.2d 485 (1978);Broderick v. Jackman, 167 Conn. 96, 99, 355 A.2d 234 (1974) ("an action is commenced not when the writ is returned but when it is served upon the defendant"); Seaboard Burner Corp. v. DeLong,145 Conn. 300, 303, 141 A.2d 642 (1958); Consolidated Motor Lines,Inc. v. M M Transportation Co., 128 Conn. 107, 109, 20 A.2d 621
(1941); Spalding v. Butts, 6 Conn. 28, 30 (1825)." Rana v.Ritacco, 236 Conn. 330, 337-38, 672 A.2d 946 (1996). In the present case the defendant in this action, plaintiff in the Florida action, was served via certified mail. The date the Connecticut action commenced was when Mr. Farino signed the return card which was February 2, 1997.
The Florida Supreme Court has stated that "[w]hen two actions CT Page 6262 between the same parties are pending in different circuits, jurisdiction lies where service of process is first perfected.Martinez v. Martinez, 153 Fla. 753, 15 So.2d 842 (1943)." Mabiev. Garden Street Management Corp., 397 So.2d 920. 921 (1981). "[J]urisdiction lies in the court where service is perfected against all defendants. [Precedent] unequivocally rejects the concept that the suit filed first prevails." Fasco Industries.Inc. v. Goble, 678 So.2d 916, 917 (Fla.App. 5 Dist 1996), rev'd on other grounds, 688 So.2d 1029 (Fla.App. Dist. 1997). The defendant argues that these cases only become relevant when two actions are commenced within Florida's jurisdiction, and the prior pending action doctrine has to be applied. Otherwise, the defendant argues, jurisdiction attaches when the complaint is filed.
"In general, where courts within one sovereignty have concurrent jurisdiction, the court which first exercises its jurisdiction acquires exclusive jurisdiction to proceed with that case. This is called the principle of priority. . . . Admittedly, this principle is not applicable between sovereign jurisdictions as a matter of duty. As a matter of comity, however, a court may, n its discretion, stay a proceeding pending before it on the grounds that a case involving the same subject matter and parties is pending in the court of another state." (Citations omitted.)Bedingfield v. Bedingfield, 417 So.2d 1047, 1050 (Fla.App. 4 Dist. 1982), rehearing denied, 427 So.2d 736 (1983).
"We think there is no distinction in reason or difference in principle between a case where later action between the same parties involving the same subject matter is commenced in the same state and a case where a later action between the same parties involving the same subject matter is commenced in another state." (Internal quotation marks omitted.) Id. "Florida has followed this principle in instances of concurrent federal and state jurisdiction . . . and in instances of concurrent jurisdiction between states, where the action was pending between the same parties." (Citations omitted.) Id. The court further stated that it believed "that justice requires the principle of priority to apply and govern the result on the motion to stay." Id.
This court agrees with the opinion of the Florida Appellate Court as set forth in Bedingfield v. Bedingfield, supra, in finding that "no distinction in reason or difference in principle between case where a later action between the same parties involving the same CT Page 6263 subject matter is commenced in the same state and a case where a later action between the same parties involving the same subject matter is commenced in another state." Bedingfield v.Bedingfield, supra, 417 So.2d 1050. In the present case the Connecticut action "commenced" on February 2, 1998, when the defendant signed the return card upon receipt of the certified mailing. The Florida action was served on the plaintiff in this action on February 7, 1998. Under the Florida rule that the action which service is perfected first prevails, the Connecticut action prevails.
"The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage." (Internal quotation marks omitted.) Doe v. Doe, 244 Conn. 403, 423,___ A.2d ___ (1998). In the present case, the plaintiff has several ties with this state including family, friends, bank accounts and the ownership of property. The defendant also owns property here in Connecticut and if Mr. Farino's past practice of returning to Connecticut during the summer months continues, he will suffer no injustice in terms of travel. In light of the plaintiff' s reason for returning to Connecticut, her son's illness, and her significant connections with this state as well as Mr. Farino's connection to Connecticut, the court finds that the dissolution action should be litigated in Connecticut. Litigating in this state is in keeping with the principles of equity. Additionally, the interests of judicial economy will not be impinged and injustice will not done. See Sauter v. Sauter,
supra, 4 Conn. App. 584-85. The defendant's motion to stay the Connecticut action is, therefore, denied.
By the Court
James G. Kenefick, Jr. Judge of the Superior Court