GRIFFIN, J.,
dissenting.
Appellant, Robert Mann, appearing pro se, has appealed a final order in which the trial court ruled it was without jurisdiction to enforce its prior orders concerning custody, visitation and support of the parties’ child who lives in Georgia.
Robert L. Mann [hereinafter “husband”], the Appellant, and Becky Jo Mann [hereinafter “wife”], the Appellee, were married on October 27, 1990 in St. Cloud, Florida. The wife, while pregnant, left the husband and concealed her whereabouts. The husband filed a petition for dissolution of marriage on December 2, 1994 in the Ninth Judicial Circuit of Florida, alleging that, although there were no children at the time of the filing, a child was expected in January 1995. The wife did not answer the petition and a Final Judgment of Dissolution of Marriage was entered on February 6, 1995. In that judgment the court reserved “jurisdiction over the yet unborn child conceived during the pendency of this marriage.”
The child was born in Georgia on March 8, 1995. On May 1, 1995, the husband filed a motion for temporary support and custody in the Ninth Judicial Circuit. On July 10, 1995, the wife appeared through counsel and filed a Motion to Retain Custody and for Child Support. On August 14, 1995, the Honorable Jay P. Cohen entered an order denying the husband’s motion for temporary custody and granting the wife’s motion to retain custody. The order also ordered mediation on visitation and child support issues. On September 28, 1995, a final order was entered as a result of the mediation. The husband was ordered to pay support in the amount of $180 per month. A visitation schedule established the husband would have the child for nine days a month. The parties were to meet to exchange the child at Valdosta, Georgia.
On February 26, 1996, the husband filed a motion to enforce the visitation order. The motion alleged that the wife “obstructed and prevented” visitation. It also requested that the court retain jurisdiction over the case. This motion followed the wife’s February 20, 1996 “Complaint for Modification” filed in the Superior Court of Gwinnett County, Georgia. The wife’s *25 complaint sought a reduction in the amount of travel required for the child.
On April 8,1996, Judge Donald Grincew-icz entered an order on the husband’s motion to enforce:
In compliance with the UCCJAf the Court contacted the Honorable Dawson Jackson, Judge of the Gwinnett Superior Court, to whom Former Wife’s Georgia action had been assigned. After discussing the jurisdictional aspects of the pending cases with Judge Jackson, and hearing the testimony of Former Husband and argument of counsel, this Court makes the following findings of fact:
1. The parties were divorced by Final Judgment of the Circuit Court of Osceola County, Florida on the 6th day of February, 1995. Said Final Judgment specifically reserved jurisdiction over the child, who at that time had not yet been born.
2. Former Wife had fled the jurisdiction of this Court during her pregnancy and concealed her whereabouts, and that of the child after she was born, from Former Husband.
3. By Final Order dated September 28, 1995, the Circuit Court of Osceola County established the contact schedule for Former Husband with the minor child, and specifically stated that the visitation schedule would remain in effect through March of 1997, at which time this Court would review the visitation.
4. This visitation schedule required the parties to meet for the exchange of the minor child in Valdosta, Georgia, the most recent exchange to have occurred March 22, 1996. Former Wife failed and refused to meet Former Husband and deliver the child for this exchange and visitation.
5.Pursuant to the UCCJA, this Court is retaining its jurisdiction over all matters regarding the custody and visitation of this minor child, Amanda Mann, DOB: 3-8-95. The Court makes this ruling for reasons which include the following:
A. There is a pending action in Osceola County, Florida, which was personally served on Former Wife and filed prior to any service on Former Husband or notice to him of any attempt to file in Georgia.
B. Former Wife submitted herself to the jurisdiction of the Court by filing a responsive pleading to this action.
C. The Final Judgment of February • 6, 1995 established this Court’s jurisdiction over this child and retained that jurisdiction.
D. The jurisdiction of this Court continued through and by the September 25, 1995 Order which specifically addresses the custody and visitation issues and established support to be paid by Former Husband for this child.
E. Former Husband had complied with this Court’s prior Orders and is current in his child support. Former Wife has not complied with the Court’s Order.
The court then ordered:
1. This Court has exclusive continuing jurisdiction over all matters regarding custody, visitation and support of this minor child and retains this jurisdiction unless and unless [sic] specifically ruling to the contrary.
2. All actions regarding the custody, support and visitation of the minor child shall be brought in the Circuit Court of Osceola County, Florida, and any matters proceeding in any other Court are devoid of jurisdic *26 tion, including the case presently filed in Gwinnett County, Georgia, Case # 96A-990-3.
3. Former Wife is in contempt of the Court’s September 28, 1995, Order having willfully failed to deliver the minor child on March 22, 1996 for visitation with Former Husband. The court reserves jurisdiction and reserves ruling as to the penalty for contempt.
On April 25, 1996, Judge Grincewicz entered an order allowing for make-up visitation because of the wife’s failure to comply with the April 8 order.
The wife, through new counsel, filed three motions to vacate the previous two orders entered by Judge Grincewicz and a Supplemental Complaint to Modify Final Judgment seeking modification of child support and visitation. The complaint alleged that due to the stress of the visitation schedule the child suffered from atopic dermatitis. In response, the husband filed an answer and counterpetition which sought an order requiring the child to reside in the jurisdiction of the Circuit Court of the Ninth Judicial Circuit.
On October 7, 1996, the trial court entered an order which denied the wife’s petitions to vacate the previous order, denied the petition for modification of child support and visitation, refused to reverse the finding of contempt, and denied the husband’s request for an order requiring the child to reside in Florida. It does not appear that any of the lower court’s orders in this case were appealed.
On April 17, 1997, the parties jointly filed in the Ninth Circuit an “Agreement of Visitation” setting forth a calendar of visitation through April 1998. Then, some time in 1998, wife filed a new proceeding in Georgia asking the Georgia courts to assume jurisdiction. Husband responded by filing a motion in the Ninth Judicial Circuit seeking to “enforce final order to hold jurisdiction in Osceola.” Judge McDonald in the Ninth Judicial Circuit denied the husband’s motion, observing that “he needs*to appear and respond in Georgia.”[1]
On July 12, 2000, the husband filed a Motion To Enforce Jurisdiction and Motion To Enforce Prior Contempt Order. The wife’s response was to move to dismiss with prejudice, setting forth as grounds that because Superior Court of Cobb County had entered an order domesticating the case, “all actions for enforcement need to be brought in the Georgia courts as this is where jurisdiction lies”. Judge McDonald denied the husband’s motion to enforce jurisdiction, ruling that the Ninth Circuit had no jurisdiction over matters pertaining to the child.
I cannot agree that Florida never had jurisdiction to determine any matter pertaining to this child. This ruling makes no sense to me. Both Florida and Georgia have adopted the Uniform Child Custody Jurisdiction Act. See sections 61.1302-61.1348, Fla. Stat.; Title 19, Chapter 9, Article 3, Ga. Stat. The section titled “jurisdiction” provides:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child’s home state within 6 months before commencement of the proceeding and the child is absent from this state *27 because of his or her removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his or her parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he or she has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(d)1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
(2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(8) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine custody.
Section 61.1308, Fla. Stat.
Clearly, Florida has never been the child’s home state. The child was born in Georgia and has remained in Georgia except for visitation with her father in Florida. Therefore, subsections (a) and (d) are inapplicable. Similarly, subsection (c) is inapplicable because there is no evidence of abandonment or neglect. Subsection (b) is applicable, however. This jurisdictional ground only requires the child and one parent to have a “significant connection” with Florida and for there to be “substantial evidence concerning the child’s present or future care, protection, training, and personal relationships” in Florida. It seems that the facts of this case easily meet this jurisdictional test.
In Yurgel v. Yurgel, 572 So.2d 1327 (Fla.1990), the parties were divorced and the father was granted custody and moved to New York. Id. at 1328. The mother filed a petition to modify which was denied by the trial court. Id. The Fourth District affirmed, concluding that because the child had been out of the state for more than six months prior to the filing of the petition, Florida lacked jurisdiction. The supreme court reversed, noting that the overriding purpose of the UCCJA is to prevent conflicts between various jurisdictions regarding a custody dispute. Id. at 1329. With this in mind, the court determined that section 61.1308 does not control the continuing jurisdiction of “Florida courts over custody disputes for which jurisdiction has been properly acquired.” Id. Instead, it is intended to instruct whether a court has initial jurisdiction over a custody dispute. Id.
The statute, in other words, is meant to prevent competing and inconsistent ex *28 ercises of jurisdiction by two or more states, not to terminate jurisdiction that already has been validly acquired by Florida.
Id. at 1330. Quoting an article by Professor Brigitte Bodenheimer, a reporter for the UCCJA, the court noted that, to prevent the problems of concurrent jurisdiction:
[The UCCJA] had to strengthen the continuing jurisdiction of the state of the initial decree; it had to insulate that jurisdiction from out-of-state interference; in other words, it had to bestow legal effect upon that continuing jurisdiction which operates beyond the state borders.
Id.See also Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980); O’Connor v. O’Connor, 447 So.2d 1034 (Fla. 4th DCA 1984).
In Lipsitt v. Lipsitt, 608 So.2d 546 (Fla. 4th DCA 1992), the court held that jurisdiction was proper in Florida. Although the Florida judgment of dissolution provided that the wife could remove the child to Pennsylvania, it also provided for visitation with the father in Florida. Id. at 547. Furthermore, all of the litigation between the parties took place in Florida. Id. The court quoted an example given by Professor Bodenheimer:
A typical example is the case of the couple who are divorced in state A, their matrimonial home state, and whose children are awarded to the wife, subject to visitation rights of the husband. Wife and children move to state B, with or without permission of the court to remove the children. State A has continuing jurisdiction and the courts in state B may not hear the wife’s petition to make her the sole custodian, eliminate visitation rights, or make any other modification of the decree, even though state B has in the meantime become the “home state” under section 3. The jurisdiction of state A continues and is exclusive as long as the husband lives in state A unless he loses contact with the children, for example, by not using his visitation privileges for three years. (Bodenheimer, Uniform Child Custody Jurisdiction Act (1969) 22 Vanderbilt L.Rev. 1207, 1237.)

Id.

If this court had the jurisdiction in 1995 to enter its initial corders concerning custody, visitation and support, it retains the jurisdiction to enforce those orders. I conclude that Florida did have jurisdiction under section 61.1308(b) to enter its 1995 and 1996 orders. Even if this were in doubt, the failure of wife to appeal the April 8, 1996 order in which Judge Grin-eewicz expressly ruled that Florida had jurisdiction, renders this decision final. Subject matter jurisdiction may be raised at any time, but, once a court has ruled on its subject matter jurisdiction, the issue must be appealed or accepted. See Florida Power Corp. v. Garcia, 780 So.2d 34 (Fla.2001). If the law were otherwise, the courts would be complicit in rank forum shopping. It is apparent that wife was content with Florida’s decisions on custody and support, but decided to repair to the courts of Georgia when the courts of Florida would not accede to her wishes on visitation and she recognized that she risked punishment for contempt of the Florida court. I would reverse.

. Nevertheless, the circuit court continued to rule on support issues.